TORGE (UNITED STATES v.). See Case No. 16,533.

## Case No. 14,102.

TORICES v. The WINGED RACER.

[39 Hunt, Mer. Mag. 458.]

District Court, S. D. New York. April, 1858.

CHARTER PARTY—MUTUAL COVENANTS—ADMIRALTY JURISDICTION.

In admiralty. This action is brought on a charter of the ship by the owners to the libelant [Rafael F. Torices] in July, 1857, for a voyage to China, and thence back to Havana, with a load of coolies, not less than 884 in number, for which the libelant was to pay freight, $67.50 apiece to the ship, and a further sum to the master. The clause of the charter which the libel was sought to enforce was as follows: "The penalty of non-

performance of this contract is mutually fixed at half the amount of freight, and to the accomplishment of the same the charterer engages his whole responsibility, and the owners their vessel, rigging, etc., as by law; the ship to have its lien upon the passengers for the freight money." The libel was filed to recover this penalty, amounting to $28,951, alleging that the ship prepared for the voyage, cleared at the custom-house, but after its commencement the owners broke it up, and neglected to perform it.

HELD BY THE COURT (BETTS, District Judge): That by the maritime law a ship is not bound to the performance of a contract for her employment, unless there be mutually a liability charged on cargo on board for the satisfaction of those services. When the contract is for the prospective employment of a ship in transportation of cargo which is not placed on board, the remedy for a breach of such contract is in the common law courts. That the clause in the charter by which the owners engage "their vessel, rigging, etc., as by law," subjects the security to the operation of the law maritime upon credits of that character. That the libelant therefore shows no lien upon the vessel of which the court can take cognizance, and the exception to the jurisdiction of the court must therefore be allowed. Libel dismissed.