## Case No. 5,334.

### The GEORGE H. PARKER.

[1 Flip. 606;[1] 23 Int. Rev. Rec. 83; 9 Chi. Leg. News, 191; 2 Cin. Law Bul. 38; 2 Mich. Lawy. 12.]

District Court, E. D. Michigan. Nov. Term, 1876.

CROSS LIBELLANT'S MOTION FOR SECURITY TO AMOUNT CLAIMED IN CROSS LIBEL—CROSS LIBELLANT—REASONABLE PROMPTNESS.

1. A tug was libeled for negligence, and purchased after the cause of action had accrued:

Held, that the former owners might file a cross libel under the 53d rule, and have proceedings stayed until respondent in the cross libel gave security to answer the demand.

2. A cross libellant should act with promptness. A motion for security made upon the eve of trial, and after the witnesses had been summoned, and case was ready to proceed, comes too late.

In admiralty. The facts were, McLenan, the respondent, in June, 1875, filed a libel against the George H. Parker, a steam tug, in which he claimed damages for negligence in towing by the tug a raft of timber from Tawas, Michigan, to Tonawonda, New York. [On August 4th][2] Albert W. Schulenberg filed a claim and answer, in which he set forth that he became the sole owner of the tug some eight months after the cause of action arose. He denied that he had any knowledge of the facts stated in the libel, or of libellant's claim, until the libel was filed. He averred that by the terms of the purchase the former owners were liable for all claims against the tug, and prayed that they might be required to answer and defend. On the 16th of December the former owners of the tug filed a cross libel against the original libellant, averring that the tug was guilty of no negligence, and insisting on the payment for towage service at the price agreed upon in the contract.

W. A. Moore, for the motion.
Geo. W. Moore, for original libellant.

BROWN, District Judge. The cross libel was filed at the last term of this court, and upon the eve of the trial of the original case, motion was made that the respondent in the cross libel give the security now asked for, but it was denied upon the ground that the party had no right to come in, as the case was called for trial, and ask for a stay of proceedings until a bond was filed to answer the claim set up in the cross libel.

I then held the cross libellants should prosecute their claim with reasonable diligence, and had no right to put a stop to the proceedings after witnesses had been summoned and the libellant had appeared and was ready to commence the trial of the original case.

The case was, however, for some other reason, continued for the term, and the motion is now renewed under somewhat different circumstances. Rule 53 provides that: "Whenever a cross libel is filed upon any counter claim arising out of the same cause of action for which the original libel was filed, the respondents in the cross libel shall give security in the usual amount and form to respond in damages as claimed in said cross libel."

Although this may not be strictly a cross libel, inasmuch as the parties plaintiff are not parties of record in the original suit, and were not the owners of the tug at the time

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

[2] [From 23 Int. Rev. Rec. 83.]

the libel was filed; yet, as they are the parties guilty of the negligence charged in the original libel, if negligence there be, and as they are the parties who must ultimately pay the claim, if the original libel be sustained, I regard this proceeding as a cross libel within the spirit and scope of the rule. It is certainly a counter claim arising out of the same cause of action for which the original libel was filed, and the reasons which dictated the adoption of this rule apply as forcibly to this case as if the cross libellants were now owners of the tug. I do not think these cross libellants have been guilty of such laches as should disentitle them to make this motion. The original libellant was not ready for trial at the time the case was called, though it was supposed he was at the time the motion was made, and the facts were such that a continuance for the term was granted. I see no harm that can now result to the original libellant from this motion, and it is, therefore, granted.