THE BONNIE DOON.[1]

BAIRD, Sheriff, v. THE BONNIE DOON.

(District Court, D. Delaware. November 24, 1888.

1. ADMIRALTY—COURTS—JURISDICTION—RECOVERY OF POSSESSION.
    Where a sheriff has attached a vessel, which is afterwards taken out of his custody and removed into another state, he can sue in admiralty to recover possession in the district court of the district into which the vessel has been removed.
2. SAME—ATTACHMENT—RIGHT TO POSSESSION.
    A vessel was attached on a libel against the master individually. The master, without the knowledge or authority of the owner, removed the vessel to another state. Held that, the attachment having been illegal, and the vessel never in custodia legis, the sheriff was not entitled to the possession as against the owner. The owner was not chargeable with the quasi criminal act of the master in removing the vessel.

In Admiralty. Libel in rem. Exceptions to answer.

[1] Reported by Marks Wilks Collet, Esq., of the Philadelphia bar.

Libel by David Baird, sheriff, to recover possession of the steam-yacht Bonnie Doon.

*W. C. Spruance* and *C. M. Curtis*, for libelant.

*Bradford & Vandegrift*, for claimant.

WALES, J. This is a libel to recover possession. On the 7th of June, 1888, the libelant, as sheriff of Camden county, N. J., by virtue of a writ of attachment, issued out of the circuit court for said county, against John Craig, at the suit of Joseph Campbell, in an action of contract, levied on and took possession of the small steam-yacht Bonnie Doon, then lying in the Delaware river, near Beach-Street wharf, in the city of Camden, as the property of the said Craig, who was then in command and acting as master thereof. A few days after the sheriff had acquired possession of the yacht in the manner just described, and while the property was still in his custody, Craig, as is alleged, with the assistance of other persons, unknown to the libelant, unlawfully took the yacht out of the possession of the sheriff, and brought it within this district, where it was found by the sheriff, who now seeks to recover possession by virtue of his special property obtained under the levy. The answer of Craig, the master and claimant, in behalf of James Graham, of New York city, sets forth that Graham is the true and sole owner of the yacht; that he (Craig) is only the master, and as such master, in behalf of and as bailee for Graham, is entitled to have possession of the property, subject to the claim of the marshal. It is admitted that Craig quietly carried off the yacht on the ground that it was not his property, but belonged to Graham. The substance of the exceptions is that the answer affords no justification of the conduct of Craig.

Possessory actions may be brought in this court to recover ships, or other property, to which a party is entitled by virtue of a maritime right, being analogous to the common-law actions of replevin and detinue, in which the specific property is recovered, instead of damages. These actions may be brought by owners to try the right to the possession of a ship as among themselves, and by a master or owner to recover possession. Petitory, as well as possessory suits, are also within the admiralty jurisdiction, and may be brought in all cases to reinstate the owners of ships who have been wrongfully deprived of their property. Ben. Adm. §§ 276, 311. This case, then, is properly in court, and, as there is no controversy about the facts, the question for decision is one of law only, and that is, whether the libelant, whose possession of the vessel was obtained and lost under the circumstances stated in the record, should have a decree for restitution. The action in the Camden county court was against Craig, individually, for a cause of action in which he alone was liable, and had no relation to the yacht or its owner. The sheriff was commanded by his writ to attach the goods and chattels, etc., of Craig, and had no authority under that writ to seize the goods or property of any other person. In taking the property of Graham, therefore, he acted illegally, and was a trespasser. He may have been misled by seeing Craig in command, but that is no

excuse for, much less a justification of, the wrongful seizure. Possession alone is never reliable evidence of ownership. He should have informed himself of the fact of ownership, and, if in doubt, called on the plaintiff in the attachment to protect him by an indemnifying bond, which is a very common practice in such cases. Failing to do this, he took the risk, and must abide the consequences, whatever they may be, of having made an illegal levy. Drake, Attachm. § 196; Freem. Ex'ns, § 254. There is no intimation that Graham ordered the removal of the yacht from Camden, or that he has ratified Craig's conduct in causing the removal. As master, Craig had no right to take the yacht from the sheriff, and in doing so acted outside of the line of his duty. His act was of a *quasi* criminal nature, and an owner cannot be held responsible for the criminal offenses of his servant, when committed without his knowledge or consent. But the contest here is not between the sheriff and Craig; it is between the sheriff and Graham. It is conceded that Graham is entitled to have the property restored to him, but that he should go to Camden, and assert his right in the place where the seizure was made. Why so? If this court has jurisdiction of the cause, there is no reason why it should not be decided here and now, instead of putting Graham to the expense and delay of going to Camden, and renewing the contest there. It must be remembered that this whole difficulty has grown out of the sheriff's mistake in levying on property that did not belong to the defendant named in the writ. Property cannot be placed *in custodia legis* by an unauthorized levy. The custody of the sheriff in such a case is an unlawful, and not a legal, custody. The defendant (Craig) or a stranger could not interfere, but the true owner of the property may bring an action of trespass or replevin against the sheriff, or he may even take it away peaceable, if he can. Freem. Ex'ns, § 268. Craig's conduct in running off with the yacht cannot be approved. His doing so was ill-advised, but not more so than was the improvident and hasty seizure by the sheriff. It is one of the incidents of his office that a sheriff will sometimes be called on to exercise his judgment promptly in executing a writ, and he may be placed in the dilemma of making himself liable to the plaintiff in the writ by refusing to seize property represented to belong to the defendant, or, by taking it, of making himself responsible to the owner for an unwarranted levy. The owner, if he be without fault, as it appears he was in this case, must always have his property restored to him. The sheriff may have a remedy against Craig, but has no right to retain or demand possession of the vessel after the title of the owner has been established. The exceptions are overruled.