OLD DOMINION S. S. CO. v. KUFAHL. '

(District Court, E. D. New York. March 12, 1900.)

COLLISION—SECURITY TO ANSWER TO CROSS LIBEL—SUIT BY MASTER.

The fact that suit to recover damages for the sinking of a vessel by collision is instituted by the master, instead of the owners, does not withdraw the case from the application of the fifty-third admiralty rule, requiring the giving of security by the libelant to respond in damages as claimed in a cross libel; nor should the court be influenced, in requiring such security, by the fact that the libelant is individually unable to furnish it.

Butler, Notman, Joline & Mynderse (Mr. Brown, on the brief), for Kufahl.

Cowen, Wing, Putnam & Burlingham (Mr. Putnam, on the brief), for claimant.

THOMAS, District Judge. The original libel, filed on the 26th day of June, 1899, alleges a total loss of the ship Macedonia from a collision, and the stipulation for value, for $135,000, was filed on August 16, 1899. The libelant is the master of the destroyed Macedonia, and sues to recover for loss of individual property, for loss of property of passengers and crew, and for the loss of the Macedonia herself. The cross libel was filed and served on September 23, 1899, and alleges injury to, and loss of the use of, the Hamilton, the other colliding vessel, to the amount of $79,680.85. The present hearing arises under the fifty-third admiralty rule, which is:

"The respondent in the cross-libel shall give security in the usual amount and form, to respond in damages as claimed in said cross-libel, unless the court upon cause shown shall otherwise direct."

The original libelant proves that he is unable to give substantial security; and as the few items of property appurtenant to the vessel, and saved from the wreck, have made a net return of only $60.22, and as her received earnings were only $180, it is urged that the total bond should not exceed $242.22.

Rule 53 was adopted from section 34 of the English statute of 1861 called the "Admiralty Court Act," which is enforced where the state of facts shows the loss of the vessel concerning which the original libelant sues, and the existence of a vessel, for damage to which the suit is instituted against the original libelant. The

Charkieh, 29 Law T. (N. S.) 404. The fact that the master institutes the action, rather than the owners of the vessel, does not withdraw the case from the application of the rule; nor should the court be influenced by the fact that the master, as an individual, cannot respond to the direction for security. So far as the demand of the cross libelant is concerned, the original libelant represents the owners of the ship, and whatever they might be called upon to do he may be required to do. Had the owners brought the action in their individual capacity, the rule would have been applicable. If they prefer to commit the enforcement of their rights to the master, and the master assume the discharge of the obligation, he must bear the burden which would be put upon the persons for whom, in substitution, he acts. It is considered that Compagnie Universelle du Canal Interoceanique v. Belloni (D. C.) 45 Fed. 587, determines that the respondent may not be excused from filing the security on account of his personal financial inability. In that case it was asserted that he could not comply with the rule "without serious embarrassment to his business, and great expense and sacrifice"; but there is no showing here that the real parties in interest are suffering under such constraint, and, even if they were, it should furnish no occasion for modifying the rule, where there was nothing to show that the cross libel was filed with some lack of good faith.