EVANS v. NEW YORK & P. S. S. CO., Limited, et al.

(District Court, S. D. New York. February 24, 1906.)

ADMIRALTY—JURISDICTION—MARITIME CONTRACTS.

> Where a storage contract is incidental to the transportation of the goods stored by water, as where they were stored by the carrier for delivery to the consignee, it is maritime, and a court of admiralty has jurisdiction of an action for its breach by nondelivery to the consignee.

> [Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Admiralty, §§ 136, 163.]

In Admiralty. On exceptions to libel.

Beard & Paret, for exceptions.

Frank E. Bradley and Convers & Kirlin (John W. Ingram, advocate), opposed.

ADAMS, District Judge. A libel was filed herein alleging that the New York & Pacific Steamship Company was the owner of the steamship Capac and engaged in operating her and that William Beard and J. Robinson Beard, were engaged in the business of receiving and storing goods under the trade name of Beards Erie Basin Stores. It is further alleged that on or about the 5th day of April, 1905, the steamship company, as a common carrier, received and undertook to transport by the steamship Capac from the port · of Mollendo to the port of New York and deliver to the libellant some 56 bales of rubber; that upon the arrival of the steamship in the port of New York, the libellant presented the bill of lading and demanded the delivery of the rubber but the steamship company replied that, acting under the bill of lading, it had delivered the rubber to the Beards Stores; that such a delivery was not a proper, sufficient and lawful delivery and they are still liable to deliver the rubber to the libellant; that the libellant, however, demanded the rubber from said stores and received 37 of the bales but they refused to deliver the remaining 20 bales, claiming they had not been delivered by the steamship; that both the defendants have refused the 20 bales or their value to the libellant although duly demanded, to his damages $1,-574.71 with interest. The bill of lading of the steamship is, by amendment, made a part of the libel and provides for the delivery of the rubber to the libellants or assigns.

Exceptions were duly filed on behalf of the Beards: (1) in that the libel does not set forth a cause of action within the jurisdiction of the court as an action for damages for non-delivery of goods by a warehouseman is not maritime; (2) that the libel does not state facts sufficient to show that the Beards made any contract in the premises or were guilty of any negligence; (3) that the libel misjoins parties who cannot rightfully be joined in such a suit; (4) that the libel is insufficient because it does not aver what interest, if any, the libellant, as consignee, had in the rubber, and (5) does not allege what, if any were the terms of the agreement between the libellant and these respondents.

A determination of the question of jurisdiction will dispose of the whole matter.

It is urged by the libellant that the bill of lading contract being maritime, it is maritime throughout.

It may be correctly said that no pure case of storage, even on the water, can be regarded as maritime in its character, but where the storage is an incident of transportation, its maritime, as stated in The Pulaski (D. C.) 33 Fed. 383, and the jurisdiction follows. Judge, now Mr. Justice, Brown there said (page 384):

"If the storage were a mere incident to the transportation, as, for instance, if the wheat were taken on board with the understanding that the vessel

should sail as soon as a tug or consort should be procured, or as soon as the ice should leave the harbor, I should have no doubt that the vessel would be liable for any damage received by the cargo by reason of improper storage while awaiting departure. In such case, the storage being a mere incident of the transportation, the whole contract would be adjudged to be maritime, and a suit would lie in the admiralty for any damage occasioned after the cargo was received on board."

And in The Mary Washington, 16 Fed. Cas. 1006, goods were injured while in a warehouse awaiting delivery after transportation. It was there held that there was jurisdiction in admiralty to recover the damages incident to the injury.

The case at bar seems to be of a maritime character as the delivery was to be completed through the exceptants and to fall within the ruling in The Electron (D. C.) 48 Fed. 689, where it was said (page 690):

"The contract in this case, being for supplies, is a maritime contract, within the ordinary jurisdiction of the admiralty courts. Upon such a contract and all its incidents, the rights and remedies of the parties are reciprocal. The contract being maritime, the admiralty, says Curtis, J., in Church v. Shelton, 2 Curt. 271, 274, Fed. Cas. No. 2,714, 'will proceed to enquire into all its breaches, and all the damages suffered thereby, however peculiar they may be, and whatever issues they involve.'"

See, also, Gow v. William W. Brauer S. S. Co. (D. C.) 113 Fed. 672, 675, and Graham v. Oregon R. & Nav. Co. (D. C.) 134 Fed. 454, 462.

The exceptions are overruled.