## NASH v. BOHLEN.

(District Court, E. D. New York. February 13, 1909.)

ADMIRALTY (§ 30*)—JURISDICTION—CONTRACTS IN PART MARITIME.

An agreement by a carrier to insure cargo, where it is one of the elements of a properly maritime contract of affreightment, may be proved in admiralty and damages recovered for its breach in a suit for other breaches of the contract.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 298–300; Dec. Dig. § 30.*]

In Admiralty.

Alexander & Ash, for libelant.
Peter S. Carter, for respondent.

CHATFIELD, District Judge. The court has already found a contract, and that the contract was broken, in that unseaworthy vessels were furnished, and that the respondent was responsible for this unseaworthy condition of his boats and the accidents resulting therefrom, even though he had attempted to take advantage of a proceeding to limit his liability with respect to anything not occurring through his own fault.

The libel in this case seems to have been prepared upon the theory that, if a maritime contract be broken, all elements of damage can be proven upon the one breach. No fault can be found with that theory; but upon the trial it developed that the libelant had set forth a single contract, and had stated as component parts of one cause of action a number of breaches, or of acts which were alleged to be each a breach of this maritime contract, and that from each breach the same damage, namely, the loss of the two cargoes of cement, had resulted.

For a time on the trial it appeared as if no relief could be granted, inasmuch as the evidence tended to show merely the making of a contract, and that damage had occurred, but that no evidence had been offered from which any particular breach of the contract could be ascertained, except that a contract to insure had not been carried out. This contract to insure, if standing entirely by itself, would be a civil and not a maritime contract, and could not be the sole basis of a cause of action in admiralty.

Considerable discussion was had as to the form of the pleadings and the various acts which were claimed to be breaches of the contract. It ultimately was established by the libelant that he was entitled to claim damages upon more than one cause of action growing out of the one maritime contract. Upon the proof the issues became clearly enough defined, so that the fault in the pleadings was removed, especially as no exceptions to those pleadings had ever been taken until the court began its analysis of the testimony up to the time when the question appeared. The court found upon the alleged breach of warranty of seaworthiness (the respondent not being a common carrier, but a carrier for hire upon private contract) for the libelant; and also found upon the facts that a contract for insurance existed, which could be satisfactorily complied with either by a policy upon each individual cargo, or a blanket policy to the full value of the carrying capacity of the vessel, with a certificate for each cargo. The question as to whether such an insurance contract could be proven in admiralty, where it was one of the elements of a properly maritime contract, was reserved, and must be now determined in favor of the libelant. The cases of Rosenthal et al. v. The Louisiana (C. C.) 37 Fed. 264, The City of Clarksville (D. C.) 94 Fed. 201, and Keyser v. Blue Star S. S. Co., 91 Fed. 267, 33 C. C. A. 496, satisfactorily substantiate the proposition that such a contract may be introduced as an incident, and damages for the breach of such a contract awarded upon the trial of the action in admiralty. See, also, Marquardt et al. v. French (D. C.) 53 Fed. 603.

It may be said that the award upon the breach of the contract for seaworthiness alone would be sufficient to dispose of this case. But inasmuch as the contract for insurance would seem to be properly established, and inasmuch as the court has found that the contract was broken, the libelant may have a decree upon both grounds.