## THE NELLIE T.

(Circuit Court of Appeals, Second Circuit. June 9, 1916.)

### No. 245.

ADMIRALTY ☞8—JURISDICTION—POSSESSORY ACTION.

    Admiralty has jurisdiction of a suit by a time charterer of a vessel, who is the owner pro hac vice, to recover possession from the owner, who, having taken possession to make repairs, refuses to return the vessel.

    [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 121–125; Dec. Dig. ☞8.]

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in admiralty by the Brooklyn Ash Removal Company against the scow Nellie T.; Ellen T. Connell, claimant. From a decree dismissing the libel on exceptions, libelant appeals. Reversed.

Alexander & Ash and Mark Ash, all of New York City, for appellant.

Hyland & Zabriskie and Nelson Zabriskie, all of New York City, for appellee.

Before COXE and WARD, Circuit Judges, and CHATFIELD, District Judge.

WARD, Circuit Judge. This libel is filed against the scow Nellie T. and her owner, alleging that the libelant is charterer for a term beginning January 15, 1914, and ending December 31, 1916, with an option for a further term of two years; that on November 15, 1915, the owner withdrew the scow temporarily from the possession of the libelant to make certain repairs, as required by the charter party, and upon their completion refused to return her to it. The relief prayed for is that the scow may be ordered to be returned to the libelant, and the owner ordered to pay him the damages he sustained by being deprived of the use of the scow in the meantime.

The owner filed exceptions to the libel on the ground that the court had no jurisdiction to entertain a libel for possession by a time charterer. The District Judge sustained the exceptions and dismissed the libel, from which decree this appeal is taken. The opinion of the District Judge is as follows:

"There seems to be no warrant in admiralty for the maintenance by a time charterer of an action against the owner for possession of the vessel. Exceptions sustained."

As the allegations of the libel must be taken to be true, we have the question whether a charterer under a charter demising a vessel, because that is what the libel plainly describes, and entitled to the possession may maintain a possessory suit in the admiralty. It is strange that no case can be found in the books in which such a suit has been considered. Still petitory and possessory suits instituted by vessel owners are rare. A suit which involved similar considerations was maintained in the case of a sheriff from whose possession a vessel had been taken. It is true that in it the sheriff's claim was defeated, because he had levied upon the vessel as belonging to the defendant in an action at law in the state court, whereas she belonged to another person who was the claimant in the admiralty suit. However, the jurisdiction to entertain such a possessory suit was not questioned. The Bonnie Doone (D. C.) 36 Fed. 770.

The libelant's right is not an equitable one which courts in admiralty may not enforce (The Eclipse, 135 U. S. 599, 10 Sup. Ct. 873, 34 L. Ed. 269; Wenberg v. A Cargo [D. C.] 15 Fed. 285), but is legal, and we see no reason why it is not within the admiralty jurisdiction. The difference between the title of an owner of a vessel and that of

a charterer, owner pro hac vice, is but in degree. A right to present possession is as good as an absolute title as against the owner or anybody else who wrongfully disturbs it. A charter is a maritime contract, and when it has been executed by delivery of the vessel no equitable powers are needed by the court for the enforcement of the charterer's right to possession. A possessory suit is in the nature of a common-law action of replevin.

We do not pass upon the merits, and in order that the court below may do so the decree is reversed.