## THE ALLIANCE.

(District Court, N. D. California, First Division. October 4, 1916.)

### No. 16048.

1. ADMIRALTY ⬅10—JURISDICTION OF COURT—CONTRACTS WITHIN ADMIRALTY JURISDICTION.

Since Act June 23, 1910, c. 373, 36 Stat. 604 (Comp. St. 1913, §§ 7783–7787) giving a maritime lien to one who furnishes a dry dock or marine railway for the repair of a vessel, a contract to have a marine railway in readiness, and in such a condition as to promptly place a vessel in a position where repairs could be made, is one of cognizance in admiralty.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 131–149, 185–190; Dec. Dig. ⬅10.]

2. ADMIRALTY ⬅50—ENFORCEMENT OF LIEN—INTERVENTION—CROSS-LIBEL.

On libel to enforce a lien for repairs and other necessaries, including the use of a marine railway furnished a steamer under a contract with the owner, the charterer is not entitled to intervene, filing a cross-libel against the libelant, claiming damages for libelant's breach of contract in failing to furnish the marine railway at the time specified, unless the contract with the charterer set out in the cross-libel be the same as the contract with the owner.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 414–429; Dec. Dig. ⬅50.]

In Admiralty. Libel by the Pacific Shipyard & Ways Company, a corporation, against the steamer Alliance, in which the charterer filed a cross-libel. On exceptions to, and motion to dismiss, the cross-libel. Exceptions sustained, and motion to dismiss granted, unless cross-libelant amend.

W. F. Sullivan and Walter G. Holmes, both of San Francisco, Cal., for libelant.

Archibald M. Johnson, of San Francisco, Cal., for claimant.

DOOLING, District Judge. The libel is for repairs and other necessaries, including the use of a marine railway alleged to have been furnished the steamer Alliance upon the order of her owner.

The claimant is the charterer of the vessel, and in a cross-libel seeks to recover damages for a breach of contract between it and libelant, by which contract libelant agreed that on a day certain, for the purpose of making necessary repairs on the vessel, it would have its marine railway in readiness and in such condition as expeditiously to place the vessel in the position where such repairs could be made; that libelant failed to perform its contract, in that it did not have

its marine railway in such condition, but that when the vessel was placed therein and partially moved out of the water, the railway became obstructed and jammed, and libelant was unable to move it in either direction whereby the repairs were delayed for a period of 5 days and 11 hours; that by reason of such delay, occasioned by the breach of said contract, the cross-libelant incurred and paid expenses, and suffered damage in the sum of $1,271.

The exceptions and motion to dismiss are based on two grounds: (1) That the contract is not one of cognizance in the admiralty, as it was a contract to be performed on land; and (2) that the contract is not between the same parties as was the contract upon which the libel is based.

[1] Whatever may have been the rule prior to Act June 23, 1910, in reference to the use of marine railways, as that act gives a maritime lien to one who furnishes a dry dock or marine railway for the repair of a vessel, I am of the opinion that a contract regarding the use of such dock or railway for such repairs is a contract cognizable in the admiralty. The exceptions and motion based on the first ground are therefore untenable.

[2] The same cannot be said of the second ground. But it was stated on the argument that the contract in question was the identical contract upon which the libel is founded. This, however, is not directly averred in the pleadings, although it is averred that the matters set up in the cross-libel arise out of the same causes of action for which the original libel was filed. The contract stated in the libel was with the owner; the contract set out in the cross-libel was with the charterer, and I think a more specific statement of the manner in which these arise out of the same causes of action is required.

The exceptions will be sustained, and the motion to dismiss granted, on the second ground, unless cross-libelant, conformably with the truth, within 10 days amend its cross-libel to show that the contract upon which such cross-libel is based is the identical contract upon which libelant sues.