## THE ARLYN NELSON.

(District Court, W. D. Washington, N. D. April 24, 1917.)

### No. 3430.

ADMIRALTY ⬳62—JURISDICTION—CROSS-LIBEL.

 A suit by the owner of a chartered vessel to recover its possession for alleged breach of the charter is within the admiralty jurisdiction, and may be joined with a cause of action in personam to recover charter hire, and in such the respondent may maintain a cross-libel in personam, based on claims arising out of the same maritime contract.

In Admiralty. Suit by Arthur W. Nelson against the gasoline tugboat Arlyn Nelson and the Sanitary Fish Company, with cross-libel by the respondent company. On exceptions to cross-libel. Denied.

Vince H. Faben, of Seattle, Wash., for libelant.

George H. Rummens and Edward Brady, both of Seattle, Wash., for claimant and cross-libelant.

NETERER, District Judge. The libel sets forth a charter party by which the gasboat Arlyn Nelson was leased to the Sanitary Fish Company for the fishing season of 1916, commencing on the 25th day of June, 1916, and ending on the 5th day of November of the same year, by which the owner agreed to keep the boat in good repair, and at his own cost and expense to supply a competent engineer to operate the boat, and keep the boat supplied with all towlines, bridles, and other appliances necessary to tow fish scows, and to operate the boat at such times and places as may be required, and was to receive $1,800 for the season, $900 to be paid on the 10th day of September, 1916, and the balance at the end of the season; and it alleges that the fish company failed and refused to pay the $900 at the time it became due, and also failed to pay certain bills and charges for the maintenance and operation of the vessel, to the amount of $500, that the fish company is irresponsible and unable to respond in damages, and that if the vessel should be retained by the claimant the ship will be seized by lien claimants and others having charges against the vessel, that possession has been demanded and it has been refused, that on the 19th of September, 1916, the master and the Sanitary Company surreptitiously and against the will and consent of the owner took possession of the vessel and removed her from her moorings and from the possession of the libelant, that the value of the vessel is $5,000, that it was registered in the district of Washington, and engaged in the business of a tugboat in connection with the fish business in the waters of Puget Sound and the tributaries thereof, and that there is due the sum

of $900 on the 10th of September, 1916, and the further sum of $499.86, fuel bills for fuel used and consumed by the Sanitary Fish Company upon the vessel; and it then prays that process issue in due form against the vessel, her tackle, apparel, and furniture, and that the Sanitary Fish Company may personally be cited to appear and answer all of the matters set forth, and that the Sanitary Fish Company be condemned to pay to the libelant his damages and costs, to be assessed and fixed by the court.

The Sanitary Fish Company has answered, and has filed a cross-libel, in which it pleads the contract, and alleges violation of the terms and conditions of the contract, in that the boat was out of repair, and that an incompetent engineer was placed in operation of the vessel, and that by reason of certain conduct on the part of the libelant the vessel failed to respond to the service which was contemplated by the lease, and by reason of certain conduct of the libelant the respondent was damaged in the sum of $3,992.03, and that by reason thereof the Arlyn Nelson in rem, and the libelant, Arthur W. Nelson, in personam, have become indebted to the cross-libelants, after making certain credits, in the sum of $2,192.03, and that by the maritime law of the United States, and by the statutes of Washington (section 1187, Rem. & Bal. Code), such sum is impressed as a lien upon the vessel, and prays that process and attachment against the vessel issue, and that the boat be sold in satisfaction of the claim.

The libelant has filed exceptions to the cross-libel, contending that the court has not jurisdiction in admiralty, and that damages accruing to the cross-libelant, if any, are matters of civil liability under the common law, and the remedy should be sought in the civil courts; while the cross-libelant contends that the contract is a maritime contract, and, the libelant having sought the admiralty court, that the entire matter arising out of the contract must be litigated in that court.

The charter is undoubtedly a maritime contract, as it was executed with relation to the vessel, and the vessel placed in the service pursuant to the terms of the contract, and the court is clothed with power to determine all rights of the parties arising out of the contract. The Nellie T., 235 Fed. 117, 148 C. C. A. 611. The libelant in this case, not only seeks the possessory right of the vessel, but likewise a claim in personam for damages accruing on account of unpaid consideration for lease in default, and for default in payment of certain claims for supplies for the vessel. A suit in rem and in personam, it has been held, may be united. The J. F. Warner (D. C.) 22 Fed. 342. The cross-libelant likewise unites an action in rem and a suit in personam, and where these may be united the libel may be prosecuted to final decision, even though one of the remedies may fail. I think, in view of the prayer of the libelant for a judgment in personam, that the cross-libelant has a right, in meeting this issue, to pursue the libelant in personam with relation to matters accruing out of the same maritime contract. I know of no provision under the general admiralty law which would give to the cross-libelant a lien upon the vessel for any of the damages which it alleges to have sustained. A right of lien, if

any exists, must be pursuant to the provisions of the laws of Washington, provided by section 1182, Rem. & Bal. Code:

"All steamers, vessels and boats, their tackle, apparel and furniture, are liable: * * * Fourth. For nonperformance or malperformance of any contract for the transportation of persons or property between places within this state, or to or from places within this state, made by the respective owners, masters, agents or consignees. Fifth. * * * Demands for these several causes constitute liens upon all steamers, vessels, and boats, and their tackle. * * * "

And section 1186:

"The liens hereby created may be enforced by a suit in rem, and the law regulating like proceedings shall govern in all such suits."

The allegations in the cross-libel do not make a case within the laws of the state for nonperformance or malperformance of contract for the transportation of property from a place within this state named by the owners of the vessel, as charged. The charge is malperformance of the general provisions of the terms of the lease, in depriving the charteree of the free use of the vessel in the pursuit of the objects of the business of the charteree as contemplated by the charter party. This I do not think comes within the provisions of the statute, but such fact does not prevent the cross-libelant from pursuing his remedy in personam, in view of the status of the record in this case.

The exceptions to the cross-libel, being general, must be denied.