## HUBBARD v. MORSE et al.

### No. 12429.

District Court, E. D. New York.

June 8, 1931.

On Motion for Vacation of Order and Reargument on Exceptions, July 6, 1931.

Cross-libel by John W. Hubbard against Edward P. Morse and another, to which the cross-respondent named filed exceptions.

Cross-libel dismissed.

Purdy & Purdy, of New York City, for cross-libelant.

Purrington & McConnell and James D. Brown, all of New York City, for cross-respondent Morse.

CAMPBELL, District Judge.

This is a hearing on exceptions filed by cross-respondent Edward P. Morse to the cross-libel filed herein.

The exceptions are as follows:

(1) That the contract or cause of action set forth in said cross-libel is not the same contract or cause of action as the contract or cause of action set forth in said libel.

(2) That the parties to the cross-libel and to said libel are not the same.

 Morse filed two libels against Hubbard for repairs and materials furnished the steam yacht Ketoh.

Hubbard has filed a cross-libel against both Morse and the National Dry Dock & Repair Company, Inc., in which he alleges that both Morse and the National Dry Dock & Repair Company, Inc., agreed to do certain other work on the same yacht within a reasonable time, which they failed to do, and by reason thereof Hubbard lost the use of the yacht and was thereby damaged $30,000.

In the cross-libel it is recited that the two libels were filed by Morse, and Hubbard alleges on information and belief (tenth article) that the National Dry Dock & Repair Company, Inc., is the real party in interest and not Morse.

On behalf of cross-respondent Morse it is contended that the contract or cause of action set forth in said cross-libel is not the same contract or cause of action as the contract or cause of action set forth in said libel.

The cross-libel is in effect for the recovery of damages caused to the cross-libelant by the failure of performance, within a time stated, of the agreement on which recovery is based in the original libel.

This contention is not sustained. The Electron (D. C.) 48 F. 689; Id. (C. C. A.) 74 F. 689; The Venezuela (D. C.) 173 F. 834; United Transportation & Lighterage Co. v. New York & Baltimore Transp. Line (C. C. A.) 185 F. 386.

The first exception to the cross-libel is overruled.

 The cross-libel is filed against Edward P. Morse and the National Dry Dock & Repair Company, Inc. The sole libelant in the original libel is Edward P. Morse.

The rule seems to be definitely established that the cross-libel may be filed by claimant to the original libel filed against him or his vessel, but no parties other than the original parties can be joined either as libelants or respondents in a cross-libel. Rule 50, Admiralty Rules (28 USCA § 723); The Ping-On v. Blethen (C. C.) 11 F. 607; The Arlyn Nelson (D. C.) 243 F. 415.

No authority was submitted on behalf of the cross-libelant which supports the filing of a cross-libel in this case against any one other than the original libelant.

The reference to the provisions of section 267 of the New York Civil Practice Act furnishes no guide in this matter, as practice and procedure in equity and admiralty are expressly excepted from the Act of Conformity (28 USCA § 724).

The remedy of the cross-libelant appears to be to file an independent, not a cross, libel against Morse and the National Company and then move to consolidate all the actions.

The second exception is sustained, and the cross-libel dismissed.

## On Motion for Vacation of Order and Reargument on Exceptions.

This is a motion for the vacation of the order dismissing the cross-libel and for a reargument on exceptions filed by the cross-respondent Edward P. Morse, Jr., to the cross-libel filed herein.

The sole libelant in the original libel is Edward P. Morse, Jr. The National Dry Dock & Repair Company, Inc., is not a party to the original suit.

As I said in my opinion of June 8, 1931, the remedy of the cross-libelant appears to be to file an independent, not a cross, libel, against Morse and the National Company, and then move to consolidate all the actions.

None of the following cases cited by cross-libelant are authority for his contention that he may file a cross-libel herein. Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U. S. 629, 44 S. Ct. 220, 68 L. Ed. 480, does not touch on the point involved in the instant suit.

The George H. Parker, 10 Fed. Cas. page 214, No. 5334, like The Hudson (D. C.) 15 F. 162, are not in point. These were decisions under the old rules.

Old Dominion S. S. Co. v. Kufahl (D. C.) 100 F. 331, and The City of Beaumont (C. C. A.) 8 F.(2d) 599, are suits by masters suing for all concerned, and are clearly distinguishable from the suit at bar, which is brought by an assignee who alleges that he is the owner of the claim and is suing for his own benefit.

The Alliance (D. C.) 236 F. 361, is not in point, as it was an action in rem by a repair yard against the steamer and the owner was not a party, but the charterer filed a claim for the vessel and a cross-libel. Chesbrough v. Boston Elevated Railroad Co. (D. C.) 250 F. 922, is not in point.

The criticism of the decision in The Arlyn Nelson (D. C.) 243 F. 415, is in my opinion without point, as I consider it authority for the rule as I cited it in my original opinion.

The motion is denied.