## GRONVOLD et al. v. SURYAN.
### No. 13466.

District Court, W. D. Washington, N. D.
Oct. 9, 1935.

Wright, Jones & Bronson, of Seattle, Wash., for libelants.

Bogle, Bogle & Gates, of Seattle, Wash., for respondent.

NETERER, District Judge.

Libelants seek to recover damages on breach of warranty not expressed in the charter agreement which is sought to be introduced by alleged statements ante charter party agreement as matter of inducement.

It is further alleged in the third amended libel that after the execution of the charter party and upon delivery of the vessel to the libelants, for installing of oil tanks, etc., that libelants, preliminary to reconstruction and installation of the tanks and equipment referred to in the charter party, stated to the respondent that they proposed to enter into the transportation of oils and gasoline, and required a vessel that would carry not less than 103 tons of oil and gasoline, and that the added weight of the tanks and other equipment would approximate 17 or 18 tons, and that before proceeding with such construction and installation they wanted to be assured of the vessel's suitability and capability of meeting the requirements, and that the respondent assured the libelants that he knew of his own knowledge that said vessel was able and capable of carrying a

430

cargo of at least 125 tons of gasoline, and that the vessel was safe, seaworthy, and staunch in all respects, and that blueprints and specifications for the tanks and equipment were submitted to the respondent, all of which were approved; and then alleges that the vessel was unseaworthy and not able to carry the 103 tons of gasoline and oil, but that it was condemned by the Steamboat Inspection Service of the United States, and not permitted to be used until made seaworthy, and that all tanks in excess of 71.3 tons' capacity be removed.

As a second cause of action libelants seek to recover damages for destruction of cargo, and loss of trade, etc., by burning of the vessel by negligence and malicious conduct of the engineer causing fire on the boat, alleging that the engineer was selected by the owner in harmony with charter party agreement, and that the engineer selected was the owner's agent, and, as such, caused the ignition of a fire on the vessel, which caused the destruction of the vessel and cargo. The value of the loss of cargo is sought to be recovered, as well as loss of trade prospects and business. It alleges that the conduct of the engineer was contrary to the orders of the master of the vessel and was an act of the owner-principal.

Exceptions are filed as to the matters of inducement and statements not included in the charter party, and also as to the fullness and distinctness thereof and sufficiency of the statements as to the several causes of action; that the two causes of action are distinct issues, not connected, one being a breach of contract, and the other for alleged tort.

■ Admiralty issues are submitted on equitable principles in harmony with the rules of justice in consonance with the principles of maritime law which pervade the practice of the admiralty in this country. The supreme purpose of doing justice is paramount to technical forms and rules, and an arbitrary rule of proceeding does not predominate as it does in the stricter common-law or civil-law practice. Admiralty, rather, submits to discretion of the court much of the procedure necessary to administer justice in the most expeditious and economical manner without economic loss of time or expense to the litigants. With this thought in mind I think the exception as to the joining of the two causes of action—breach of contract and alleged tort—the bases of which

are the contract and the functions thereunder, under Admiralty Rules 14, 15, and 18 (28 USCA following section 723), should be denied. While the issue in this case is, as stated by Mr. Justice Brown in The Corsair, 145 U. S. 335, 12 S. Ct. 949, 36 L. Ed. 727, not directly within the rules—and that question is not decided—I think that substantial justice in this case can be more speedily and fully and justly and equitably done by permitting the claims to be set up in one action.

Without specifically enumerating the other exceptions and disposing of them separately, I think the matter can be disposed of upon the sufficiency of the several counts as to containing causes of action.

■ The charter of a vessel is a maritime service, and such contract is cognizable in admiralty. Benedict on Admiralty (5th Ed.) vol. 1, § 62, p. 82; § 65, p. 88; Torices v. The Winged Racer, Fed. Cas. No. 14,102, 39 Hunt, Mer. Mag. 458; Osaka Shosen Kaisha v. Pacific Export Lumber Co., 260 U. S. 490, 43 S. Ct. 172, 67 L. Ed. 364; The Arlyn Nelson (D. C.), 243 F. 415.

■ It is also fundamental that a contract maritime in itself carries involved incidentals with it, and unless separable, nonmaritime claims will be heard with the maritime. Benedict on Admiralty (5th Ed.) vol. 1, § 62, p. 83; Rosenthal v. The Louisiana (C. C.) 37 F. 264; The Pulaski (D. C.) 33 F. 383; Evans v. New York & P. S. S. Co. (D. C.) 145 F. 841; Id. (D. C.) 163 F. 405; Keyser v. Blue Star S. S. Co. (C. C. A.) 91 F. 267; Nash v. Bohlen (D. C.) 167 F. 427; Union Fish Co. v. Erickson (C. C. A.) 235 F. 385, affirmed 248 U. S. 308, 39 S. Ct. 112, 63 L. Ed. 261; The Thomas P. Beal (D. C.) 295 F. 877; The Ada (C. C. A.) 250 F. 194.

■ Torts aboard a vessel on the high seas or navigable waters are of admiralty cognizance. Benedict on Admiralty (5th Ed.) vol. 1, § 127, p. 196; The Plymouth, 70 U. S. (3 Wall.) 20, 18 L. Ed. 125; Hamburg, etc. v. Gye (C. C. A.) 207 F. 247, certiorari denied 231 U. S. 755, 34 S. Ct. 323, 58 L. Ed. 468; California-Atlantic S. S. Co. v. Central Door & Lumber Co. (C. C. A.) 206 F. 5; Keator v. Rock Plaster Mfg. Co. (D. C.) 256 F. 574.

■ It is, however, fundamental that the exceptions relating to the matters of inducement of the libelant must be sustained, the libelant being bound by the recitals in

the charter party, all matters agreed to being presumed to have been incorporated in the written memoranda, and no warranty appearing in the charter party, no breach can be invoked. Home Insurance Co. v. Merchants' Transportation Co., 16 F.(2d) 372 (C. C. A. 9). If fraud or misrepresentation induced the libelant to enter into the agreement, or if statements were omitted by mistake, admiralty has no jurisdiction to correct the same or to entertain jurisdiction for breach of warranty not incorporated in the contract.

There is no allegation of any memoranda, letters, correspondence, or matters which could be by admiralty recognized as supplying an inadvertent omission or as contemporary with and as part of the charter party.

The oral matters termed "inducement" pleaded are outside of the charter party and anterior thereto, and not of such relation as to bring them within admiralty jurisdiction. Williams v. Providence Washington Insurance Co. (D. C.) 56 F. 159; United Transportation & Lighterage Co. v. New York & Baltimore Transportation Line, 185 F. 386 (C. C. A. 2); The Eclipse, 135 U. S. 599, 10 S. Ct. 873, 34 L. Ed. 269; The Lakme (D. C.) 93 F. 230; Poor on Charter Parties (2d Ed.) p. 8. It is obvious that the first count, based on the charter party and matter of inducement, does not state a cause of action cognizable in admiralty.

 The libel, however, I think does state a cause of action upon the oral stipulations and representations and conduct explanatory of some vague expression as to certain tanks in the charter party amounting to warranties, subsequent to the execution of the charter party, and as a basis for, and because of which, the installation of the tanks and equipment, etc., was made upon the vessel. The libelant had a right to decline acceptance of the ship unless assured it met his requirements. The exceptions to the first cause of action are therefore overruled.

The second cause of action is insufficient. The appointment of the engineer as authorized by the charter agreement did not trespass upon the right of the master to control the ship: nor did such selection make the engineer agent for the owner and make the owner liable for the engineer's irregular conduct, if any. The engineer was subject to the orders and direction of the master, who had the right of control and power to discharge, and the owner is not liable for any conduct on the part of the engineer, as he did not have the right to control his duties. The Del Norte (D. C.) 111 F. 542, affirmed (C. C. A.) 119 F. 118, 123, in which the court said: "We are of the opinion that neither the master nor the steward of the ship can be properly regarded as the agent of the owner during the life of the charter party in question, and therefore that the owner cannot be held liable for the alleged wrongful acts of its officers." See, also, Gracie v. Palmer, 8 Wheat. 605, 5 L. Ed. 696; United States v. Shea, 152 U. S. 178, 14 S. Ct. 519, 38 L. Ed. 403; The Bombay (D. C.) 38 F. 512; American Steel-Barge Co. v. Cargo of Coal (D. C.) 107 F. 964. The engineer was a servant of the charterer (libelant). Gibson v. Manetto Co. (C. C. A.) 194 F. 331.

The appointment of the engineer by the respondent pursuant to the provisions of the charter party cannot in any sense constitute him an agent of the owner to wrongfully ignite the vessel, which was insured, for the purpose of destroying it for the owner's benefit; and it is alleged that the insurance was paid by the insurance company; and the conclusion of appointment and wrongful burning of the ship and cargo, upon the facts pleaded—bad faith—is further negatived by payment of the policy of insurance by the insurance company.