### ARMSTRONG CORK CO. v. FARRELL LINE, Inc.

### THE AFRICAN MOON.
#### No. 177 of 1948, Admiralty.

United States District Court
E. D. Pennsylvania.

Aug. 12, 1948.

Rehearing Denied Sept. 23, 1948.

Conlen, LaBrum & Beechwood and James B. Doak, all of Philadelphia, Pa., for libellant.

Timothy J. Mahoney, of Erie, Pa., for respondents.

HALL, District Judge.

The plaintiff's claim in and of itself is non-maritime in nature. The damage occurred in the warehouse on the pier, while the goods were waiting to be loaded on the ship, and before any of the particular goods which were damaged were actually in the process of loading. The plaintiff seeks to invoke admiralty jurisdiction solely on the basis that the goods were received by the respondent under a dock receipt to ship and to issue a bill of lading, and were so held at the time of the fire which caused the damage. Libelant asserts that the dock receipt is thus a maritime contract, and that hence admiralty has jurisdiction.

It would belabour the point and serve no useful purpose to analyse all the cases cited, or those independently examined, on the question as to what is or is not a maritime contract, or what is or is not included within the incidents of maritime contracts. The cases are conflicting and each contract must stand on its own terms and incidents. In The Solborg, D.C.S.D. N.Y., 1924 A.M.C. 35, damages were imposed for a cargo of tobacco wet by rain while being held on the pier for shipment; and in American Mills Co. v. Luckenbach Steamship Company, D.C.E.D.La., 20 F.2d 217, damages were sustained for loss by fire to a shipment of cots while being held for shipment under a dock receipt and before their actual loading. But in neither of these cases was the question of jurisdiction raised. Here it is raised by the exceptions, and when raised it must be examined and decided.

■ The true rule seems to be that if a contract is maritime, it carries with it all its incidentals, which, though non-maritime in themselves, will be heard and decided in admiralty, unless separable. Benedict 6th Ed. Vol. 1. p. 128, Gronvold v. Suryan, D.C.W.D.Wash.1935, 12 F.Supp. 429, and cases there cited. While the facts in The Ciano, D.C., 63 F.Supp. 892, are distinguishable from the facts in the instant case, Judge Kalodner, while on the District Bench in this District quoted with approval in that case, the following statement from Compagnie Francaise De Navigation A Vapeur v. Bonnasse, 2 Cir., 1927, 19 F.2d 777 by Judge Learned Hand, "The mere fact that the contract covers a subject-matter of both kinds is not therefore decisive; that would make the mere form control. The substantial question is whether the maritime obligations can be separately enforced without prejudice to the rest." [63 F.Supp. 894]

■ Applying the foregoing principle to the present case, it is obvious that the dock-receipt is a maritime contract. It is

equally obvious that the obligations arising before actual loading and while the goods were on the dock are separable from the strictly maritime obligations arising during the actual process of loading or after they had been received in the ships hold. For that reason I am constrained to hold that the obligation sought to be enforced is separable from the maritime features of the contract, and that the court is without jurisdiction to enforce them in admiralty.

The exceptions are sustained. Respondent will have judgment of dismissal, and will prepare and submit same for signing.

### On Petition for Rehearing.

Upon re-examination of the Libel, I am still persuaded that the relief sought can be separately enforced from the Maritime obligations of the dock receipt.

Accordingly, the Petition for Rehearing is denied.