**POLAR COMPANIA DE NAVEGACION, Ltda., as Owner of the Steamship PENELOPI**

v.

**The UNITED STATES.**

**No. 54-52.**

United States Court of Claims.

Oct. 5, 1954.

Ronald A. Capone, Washington, D. C., for plaintiff. William J. Tillinghast, Jr., New York City, was on the brief.

Leavenworth Colby, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before us on defendant's motion to dismiss plaintiff's petition on the ground that exclusive jurisdiction of the action therein asserted is in the district court sitting in admiralty.

The petition alleges that on September 26, 1942, plaintiff entered into a charter party with the defendant for the hire to it of the S.S. Penelopi for the period and on the conditions set forth in the charter party, and on this date the ship was delivered to the charterer under the charter party. When delivered, the vessel was competely manned, with a master and a full complement of officers and crew. Since that time, it is alleged, the "S.S. Penelopi was continuously employed by the defendant and remained in the exclusive service of the respondent [sic], as a merchant vessel, under the terms of the said charter party until her redelivery to the owner on February 11, 1946."

Under the charter party the defendant agreed to pay hire for the use of the vessel at a stipulated rate. It is alleged that the defendant owes plaintiff the approximate sum of $90,000 for hire of the vessel, and that it also owes plaintiff under the charter party approximately $20,000 as reimbursement for certain charges, expenses, damages, services, and materials.

It cannot be gainsaid that this is a maritime cause of action of which the district courts have exclusive jurisdiction. It was so decided in Matson Navigation Co. v. United States, 284 U.S. 352, 52 S.Ct. 162, 76 L.Ed. 336. We quote the following from the court's opinion in that case, 284 U.S. at pages 358–359, 52 S.Ct. at page 165:

"We need not examine the requisition charter with meticulous care to see whether it is in all respects identical with the usual charter party, which, as petitioner concedes, is maritime. Morewood v. Enequist, 23 How. 491, 16 L.Ed. 516. It is enough that the right asserted is upon express contract with the shipowner for its operation of the ship for the government, and stipulates compensation both for use of the ship and for service rendered and expense incurred in its operation and maintenance, all of which undertakings are characteristically within the admiralty jurisdiction. Compare New Jersey Steam Navigation Co. v. Merchants' Bank, 6 How. 344, 392, 12 L.Ed. 465; The Thomas Jefferson, 10 Wheat. 428, 429, 6 L.Ed. 358; The Eddy, 5 Wall. 481, 494, 18 L.Ed. 486; The General Smith, 4 Wheat. 438, 4 L.Ed. 609; James Shewan & Sons v. United States, 266 U.S. 108, 45 S.Ct. 45, 69 L.Ed. 192; The Arlyn Nelson, D.C., 243 F. 415; 3 Benedict, Admiralty (5th ed.) 82–96."

In the Matson case, plaintiff contended that the action was not maintainable under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., because it did not appear that the action arose "out of the operation of the ships as merchant vessels." The court said that the burden rested upon the petitioner to allege a cause of action within the jurisdiction of the Court of Claims, and since it had not alleged that the ship was not operated as a merchant vessel, the allegations were not sufficient to confer jurisdiction of this court.

In the present suit plaintiff's petition affirmatively alleges that the vessel was operated as a merchant vessel. See paragraph 6 of the petition. Plaintiff filed a motion for leave to amend its petition by striking this paragraph and inserting in lieu thereof the following:

"Sixth: From her delivery to Defendant under the said charter party on September 26, 1942, until the date of her redelivery to the owner on February 11, 1946, the Vessel was continuously and exclusively engaged in the carriage of shipments and cargoes owned by and booked and shipped by the United States of America, including defense and military goods, pursuant to the terms of the said charter party."

This amendment, however, does not help plaintiff in view of the Supreme Court's decision in Calmar S.S. Corp. v. United States, 345 U.S. 446, 73 S.Ct. 733, 97 L.Ed. 1140. In that case it was held that even a privately-owned vessel time chartered to the Government carrying munitions of war under a charter party was a merchant vessel within the meaning of the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq.

It is, therefore, clear that exclusive jurisdiction of the cause of action asserted in plaintiff's petition and proposed amendment to the petition is vested in the district court.

Defendant's motion to dismiss is granted, and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.