**Frank W. BIRD and Russell H. Smith, d/b/a Smith & Bird,**

v.

**S. S. FORTUNA, her engines, boilers, etc., Norton Line, Norton, Lilly & Company, Inc., and Stockholms Rederi A/B Svea and Wiggin Terminals, Inc.**

**S. S. FORTUNA, her engines, boilers, etc., Norton Line, Norton, Lilly & Company, Inc., and Stockholms Rederi A/B Svea**

v.

**WIGGIN TERMINALS, INC.**

No. 64–7.

United States District Court
D. Massachusetts.

June 8, 1964

John T. Bowes, Boston, Mass., for libellant.

John M. Reed, Withington, Cross, Park & McCann, Boston, Mass., for respondent Wiggin Terminals, Inc.

Leo F. Glynn, Boston, Mass., for respondents S. S. Fortuna, her engines, boilers, etc., Norton Line, Norton, Lilly & Company, Inc., and Stockholms Rederi A/B Svea.

SWEENEY, Chief Judge.

This libel was brought by the consignee of certain goods (Smith & Bird) against the ship, her owners and operators (hereinafter referred to in the singular as Norton Line) and against the pier operator (Wiggin) to recover for damage to the goods. The respondents Norton Line filed a cross libel against Wiggin for indemnity of any sums for which they may be liable to Smith & Bird. Wiggin filed exceptions to the jurisdiction of both libels, which is the matter presently before the court.

The cross libel alleges that Norton Line contracted with Wiggin for wharfage services for the S. S. FORTUNA and her cargo and that pursuant to this agreement the goods of Smith & Bird were placed in Wiggin's wharf shed. Norton Line further alleges that if the goods were damaged and it is held that Norton Line is liable to Smith & Bird, the damage was caused by Wiggin's failure to properly perform its contract for wharfage service and its failure to provide suitable wharf sheds, and that Norton Line is, therefore, entitled to indemnity and contribution from Wiggin.

The original libel only alleges that the libellant's goods were damaged.

There is no question that a contract to provide wharfage is a maritime contract, Ex parte Easton, 95 U.S. 68, 24 L.Ed. 373 (1877), and it follows that an action alleging the breach of a maritime contract is cognizable in admiralty. The exceptions to the cross libel are, therefore, overruled.

As noted above, the original libel does not set forth the legal basis of the claim against Wiggin. Merely to say that the libellant's goods were damaged and the libellant is, therefore, entitled to compensation hardly clarifies the issue. No contractual relationship between Smith & Bird and Wiggin is alleged; and insofar as the libel is based on negligence, there is no jurisdiction in admiralty as any tort committed by Wiggin would not have occurred on the high seas or on other navigable waters. The Plymouth, 70 U.S. (3 Wall.) 20, 18 L.Ed. 125 (1866). The libellant's reliance on Oliver J. Olson & Co. v. Marine Terminals Corp., 215 F.Supp. 490 (N.D. Calif.1962); and Marubeni-Iida (America), Inc. v. Nippon Yuson Kaisha, 207 F.Supp. 418 (S.D.N.Y.1962), which were cited in Norton Line's brief, is misplaced,

.as both of those cases upheld admiralty jurisdiction of claims by the carrier, not the shipper or consignee of goods, against the pier operator.

While it appears on the basis of the pleadings that there is no admiralty jurisdiction of the libellant's claim against Wiggin, facts may be developed later which would bring the claim within the jurisdiction of the admiralty.* Therefore, the exceptions to the jurisdiction of the original libel are overruled without prejudice.

* Without passing on the merits of matters not yet before the court, it seems unlikely that the libellant could proceed in admiralty on a contract between it and Wiggin, if such existed, as such an agreement would probably have been only for the storage of goods and that has been settled not to be a maritime contract. Pillsbury Flour Mill Co. v. Interlake S. S. Co., 40 F.2d 439 (2d Cir. 1930), cert. den. 282 U.S. 845, 51 S.Ct. 24, 75 L.Ed. 750 (1930). But conceivably Smith & Bird could charge Wiggin inferentially as agent for Norton Line. Compare Luckenbach Steamship Co. v. Coast Mfg. & Sup. Co., 185 F.Supp. 910 (E.D.N.Y. 1960), opinion on reargument at p. 921, with Armstrong Cork Co. v. Farrell Line, Inc., 81 F.Supp. 848 (E.D.Pa. 1948).