## LUCKENBACH S. S. CO. v. GANO MOORE CO. et al. *

(District Court, S. D. New York. October 26, 1923.)

1. **Admiralty ⬅️50—Third person may not be brought in as party under admiralty rule, unless his liability is maritime.**

Under admiralty rule No. 56, providing for bringing in any other vessel or person who may be partly or wholly liable because of remedy over, or right to contribution, or otherwise, growing out of the same matter, a third person may not be brought in, where the liability charged against him is not maritime in character.

2. **Admiralty ⬅️10—Contract of sale requiring carriage of goods on seas held not maritime.**

A contract of sale is not a maritime contract, so as to give the admiralty court jurisdiction, even though its performance involves carriage of goods on the seas to the place of delivery.

3. **Admiralty ⬅️10—Will not assume jurisdiction of contract partly maritime and partly terrene.**

A court of admiralty will not assume jurisdiction of a contract partly maritime and partly terrene, unless the nonmaritime features are inconsiderable.

In Admiralty. Libel by the Luckenbach Steamship Company against the Gano Moore Company and others. On exceptions to a petition under admiralty rule No. 56, bringing in the named respondent as a third party. Exceptions sustained, and petition dismissed.

The libel is upon a bill of lading issued by the libelant to the charterer, Gano Moore Company, for the carriage of a cargo of coal to Buenos Ayres. The Gano Moore Company indorsed to the respondent the bill of lading which incorporated the terms of the charter party, among which was a provision for discharge at the rate of at least 1,000 tons per diem. On arrival the respond-

---

ent presented the bill of lading and received the cargo, which was not, however, discharged at the prescribed rate. The respondent is charged with the ensuing demurrage because of its receipt of the cargo as consignee under the bill of lading.

The respondent's petition against Gano Moore Company alleges that the petitioner bought the coal of Gano Moore Company under an oral contract which promised to ship the same and discharge it at Buenos Ayres at the rate of one thousand tons per diem; that if the petitioner be liable under the bill of lading because of a default, "not caused by a fault or negligence on the part of the petitioner, or any one for whom the petitioner was responsible," then the Gano Moore Company is primarily liable for failure to perform the contract between the petitioners and itself.

The exception is based on the theory that the liability of the Gano Moore Company to the petitioner, being on a contract of sale, is not maritime.

Henry N. Langley, for the exception.
Edward Serre Murphy, of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). [1-3] I regard it as now settled in this circuit that under the fifty-sixth rule a third person may not be brought in where the liability charged against him is not maritime in its nature. The Ada, 250 Fed. 194, 162 C. C. A. 330; Aktieselskabet Fido v Lloyd Braziliero, 283 Fed. 62; The Goyaz (D. C.) 281 Fed. 259. Nor is it possible to treat a contract of sale as maritime, even though its performance involves the carriage of the goods on the seas to the place of delivery. No shadow of authority is suggested for such a notion. Were it sound, this court must take jurisdiction of all contracts for the sale of exports from or imports into the port of New York, an obviously untenable position. In such matters the whole contract must be maritime in its character, and, when the performance is partly maritime and partly terrene, a court of admiralty will not assume jurisdiction over it, unless the nonmaritime features be inconsiderable. The Pennsylvania, 154 Fed. 9, 83 C. C. A. 139 (C. C. A. 2); Plummer v. Webb, Fed. Cas. 11,233; The Ada, supra.

The cause of action on the contract of sale cannot, therefore, be brought into this court, though the part actually involved be maritime if taken by itself.

Exception sustained; petition dismissed.