## LUCKENBACH S. S. CO., Limited, v. CENTRAL ARGENTINE CO.
### THE MOBJACK.

(District Court, S. D. New York. May 7, 1924.)

**1. Admiralty ⊙7—Court of admiralty has jurisdiction to enforce contribution between joint tort-feasors.**

Court of admiralty has jurisdiction of libel to enforce contribution between joint tort-feasors.

**2. Admiralty ⊙50—Third person may be brought in as party, though his obligation to respondent sued is not maritime.**

Where libelant could have sued third party in suit on maritime contract, such party may be impleaded, under admiralty rule 56, though there is no maritime obligation between such party and respondent sued.

On rehearing. Former opinion reversed, and exceptions in each case overruled.

For former opinion, see 298 Fed. 343.

The question in each of these cases arises on exception to the jurisdiction of this court over a petition bringing in a third party under admiralty rule 56.

In the first case the libelant sued the respondent for demurrage under the following circumstances: The libelant had chartered its ship to the impleaded respondent to carry a cargo of coal to Buenos Ayres, with a provision for a fixed daily discharge. The respondent to the libel, having bought the coal of the impleaded respondent in New York, received it at Buenos Ayres under a bill of lading which incorporated the terms of the charter party. The ship being delayed in her discharge, the libelant selected the respondent to sue, and the respondent impleaded the seller, maintaining that under the contract for the purchase of the coal it was primarily liable to the libelant under the charter party.

In the second case the libelant arrested the ship on a libel in rem for repairs, and the owner intervened as claimant. He filed his petition, impleading as respondent a former owner, alleging that the repairs were ordered by him, and that there was a contract between them by which the ship was to be sold in seaworthy condition. The repairs were necessary to enable the respondent to perform this condition of sale.

Edward Serre Murphy, of New York City, for Central Argentine Co.

F. Herbert Prem, of New York City, for Gano-Moore Co.

Peter Alexander, of New York City, for claimant.

Loomis & Ruebush, of New York City, for Old Dominion Co.

LEARNED HAND, District Judge. [1, 2] The first case comes up upon a reargument, which I ordered after sustaining the exception to jurisdiction. It was occasioned by further reflection, induced by the argument of the second case. I remain of the same opinion as then as to the necessity of some maritime contract, when the respondent seeks to implead a third party, between whom and the libelant no direct relation exists. The point which I did not consider at the time was that the libelant could have sued the party impleaded directly in the admiralty under the charter party. That being the case, the question is whether, to implead such a party, it is necessary that there should be a maritime obligation between the respondent sued and the third party impleaded. At first I thought that the right of a joint tortfeasor to bring in his fellow was such an instance, but I was wrong. The right of contribution is one on which a libel will independently lie in the admiralty. Erie R. Co. v. Erie, etc., Co., 204 U. S. 220, 27 Sup. Ct. 246, 51 L. Ed. 450; The Ira M. Hedges, 218 U. S. 264, 31 Sup. Ct. 17, 54 L. Ed. 1039, 20 Ann. Cas. 1235. Thus the case seems to be of first impression.

The fifty-sixth rule was drawn in broader language than the old fifty-ninth. It declares that the claimant or respondent may implead any one "who may be partly or wholly liable to the libelant" or to himself. On its face the rule professes to allow all such parties to be brought before the court. While it must be understood as limited in its scope by the substantive jurisdiction of an admiralty court, there is no reason to press it farther. If any parties sued have an interest in the presence of others, there seems to be every reason why they should be entitled to its benefit. The question whether a party may be impleaded

is one thing, and what relief may be granted against him is another. If both the respondents in the first case, and the ship and the respondent in the second case, are held liable, it will then be time to decide whether in a court of admiralty the priority of liability between them may be determined, though that depends upon terrene obligations.

But, even if it turn out that the jurisdiction of an admiralty court does not go so far, and that the libelant must be left to proceed at his whim, still the respondent in the first case and the claimant in the second should be allowed to bring the impleaded party before the court. They have an interest at least in securing an adjudication upon the liability of the impleaded respondent to the libelant. Even if they must sue in another forum to recover, at least the defendant in those actions will be estopped as to the validity and amount of the claim. Besides, if the libelant calls upon them to pay in the first instance, and they do, it is difficult to see what defense the impleaded respondent would have if they took assignments of the decree. To procure such a decree is therefore of tangible interest to the respondent or claimant. I do not mean to throw any doubt upon the power of this court in these causes to determine the priority of liability, though I reserve that question. But the right to implead does not involve the assertion of any such eventual jurisdiction.

As in each case there is a direct maritime contract between the libelant and the impleaded respondent, the fifty-sixth rule at least gives this court jurisdiction to bring them into the suits and to determine their liabilities to the libelant.

Exception in each case overruled.