## LAMBORN & CO. v. COMPANIA MARITIMA DEL NERVION et al.

District Court, S. D. New York. January 31, 1927.

Admiralty ⬥⇒50—Third party may not be brought in to determine liability on nonmaritime agreement to issue bills of lading for other carrier; "maritime contract" (admiralty rule 56).

An agreement by a steamship company to issue proper bills of lading for another company is not a "maritime contract," and liability thereon cannot be made an issue in a suit in admiralty against the carrier company for damage to cargo by bringing in the company that issued the bills under admiralty rule 56 to answer over, on the ground that it negligently receipted for the goods in the bills as in good condition when they were not.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Maritime Contract.]

· In Admiralty. Suit by Lamborn & Co. against the Compania Maritima Del Nervion and others. On motion by the Kerr Steamship Company, Inc., to amend answer and file petition against a correspondent under the fifty-sixth admiralty rule. Motion denied.

Van Doren, Conklin & McNevin, of New York City (Randolph Harris and Alfred C. B. McNevin, both of New York City, of counsel), for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Alvah H. Combs, of New York City, of counsel), for respondent Kerr S. S. Co., Inc.

AUGUSTUS N. HAND, District Judge. The Kerr Steamship Company, Inc., moves to amend its answer and to file a petition under the fifty-sixth admiralty rule against the Hamburg Company, respondent, so as to allege that the Hamburg Company entered into an agreement to act as loading agent for the Steamship Mar Mediterraneo and for Kerr Steamship Company, Inc., by the terms of which the Hamburg Company was to receive merchandise from shippers in Germany for carriage of goods to various ports and to issue true and proper shipping documents reciting the condition of any goods received by it. The shipping documents were to be the customary bills of lading, and to constitute receipts for merchandise, as well as the contract of carriage between the shipper and vessel; that Schenker & Co. delivered to the Hamburg Company for shipment to New York certain cases of sugar, which were not in good condition or fit for shipment; that thereafter the Hamburg

Company issued to Schenker & Co. a bill of lading, reciting receipt thereof in apparent good order and condition; that the Kerr Steamship Company was not cognizant of the apparent order and condition of the shipment at the time of delivery to the respondent; that the cases of sugar were not in good condition or fit for shipment; and that the acceptance of the goods for shipment and the issuance of the bill of lading by the Hamburg Company acknowledging receipt in apparent good order and condition were without authority and contrary to the instructions of the Kerr Steamship Company.

The Hamburg Company has already sought to interpose a similar amended answer, except that the allegations in the former amended answer were described as "a further separate defense," and in the present proposed answer they are described as "a claim over against" the Hamburg Company. The motion for the former amended answer was denied by Judge Winslow, "without prejudice to an application to this court for the amendment of said answer, with proper allegations as to recovery over by said respondent against the respondent Hamburg American Line, if it be so advised."

It is objected (1) that a respondent in admiralty cannot seek cross-relief against another respondent in its answer; (2) that a respondent cannot bring in, for the purpose of liability over, another respondent under the fifty-sixth admiralty rule; (3) that the fifty-sixth admiralty rule could not be invoked here, even if the Hamburg Company were not a party, because the liability sought to be established against it is not of a maritime nature.

Judge Learned Hand seems to have allowed a petition to be filed by one respondent against another in the case of Vane v. Wood & Co. et al. (D. C.) 231 F. 353. Under this case I should certainly allow the petition proposed under the fifty-sixth rule to be filed, except for my belief that the cause of action asserted is not within the jurisdiction of this court. An agreement of the Hamburg Company with the Kerr Steamship Company to issue proper bills of lading was not a maritime contract.

In Evans v. N. Y. & P. S. S. Co. (D. C.) 163 F. 405, suit was brought against the owner of a vessel for failure to deliver cargo, and also against a warehouseman who stored the cargo for hire under an agreement with the owner of the vessel to watch and safeguard it. The decree was against both respondents, with a direction to collect first from the warehousemen any amount not recovered upon due execution against them, to be paid by the steamship company. Judge Hough said:

"It sems clear that neither the libelant nor the steamship company could have maintained an original suit in admiralty against the Beards, because the negligence resulting in the disappearance of the rubber from the land warehouse did not give rise to a maritime tort, and neither was the contract between shipowner and warehousemen a maritime contract. Having found, however, that the carrier is responsible to the libelant, the former clearly has his remedy over against the warehousemen, and, in order to prevent circuity of action and multiplicity of suits, it would have been, under our practice, competent for the shipowner to have petitioned the warehousemen into this proceeding, and, if this could have been done, no reason appears why the warehousemen may not be proceeded against as an original respondent."

Later the Circuit Court of Appeals of the circuit decided the case of Aktieselskabet Fido. v. Lloyd Braziliero et al., 283 F. 62. The court consisted of Rogers, Hough, and Manton, JJ. Judge Rogers delivered an opinion, in which Judge Manton concurred, to the effect that, in an action by a shipowner against a charterer for demurrage during delay caused by overheating of coal delivered by charterer at port of discharge, the seller, from whom the charterer had purchased the coal, could not be impleaded by charterer, on the theory that the seller was liable to indemnify the charterer because of unfitness of coal. This result was arrived at because the obligation of the vendors of the coal to the charterer were nonmaritime. Judge Hough, however, filed a brief opinion in that case, in which he said that the discussion as to the fifty-sixth rule became obiter, because the court unanimously had agreed as to the propriety of dismissing the libels. He therefore refused to express any opinion as to the effect of the fifty-sixth rule, and added: "It may be noted that the final decrees, from which appeals were taken, do not suggest any legal proposition requiring, or even justifying, the discussion."

Now, assuming that the last-named case and the opinion in the Goyaz Case by Judge Ward ([D. C.] 281 F. 259) be taken to overthrow the decisions in various earlier cases in this district that a person who has agreed to indemnify a party to a maritime contract may be brought in by that party under the fifty-sixth rule in case of a suit upon the principal obligation, yet an exception is made where the person brought in is under a

joint obligation in contract or tort with the principal respondent. See Luckenbach S. S. Co. v. Central Argentine Co. (D. C.) 298 F. 344. Contribution may be enforced in admiralty in these excepted cases.

In view of the fact that Circuit Judges Ward, Rogers, and Manton have expressed the opinion that the liability over must be maritime in order to apply the fifty-sixth rule, and in view of the fact that Judge Learned Hand acceded to this as the law of the circuit (see Luckenbach S. S. Co. v. Gano Moore Co. [D. C.] 298 F. 343), I think I should not allow the petition here to be filed, or the answer to be amended, so as to ask for cross-relief by Kerr Company against the Hamburg Company, because that would involve the same difficulty of jurisdiction. See The Ada (C. C. A.) 250 F. 194.

It may be that the Circuit Court of Appeals might see its way to a return to the doctrine of the earlier cases, for the inconvenience is manifest of requiring the Kerr Company to start a new action upon its claim against the Hamburg Company, instead of settling it here; but I seem to be precluded from granting the relief sought.

The motion is denied. Settle order on notice.