**HAARLEM TERMINALS, Inc., v. MOEHLENPAH et al.**

District Court, S. D. New York.

Aug. 15, 1930.

Winfred C. Allen, of New York City, for defendant Moehlenpah.

James H. Hayes, of New York City (Alvah H. Combs, of New York City, of counsel), for plaintiff.

Fay, Rubin & Gallatin, of New York City (William W. Pellet, of New York City, of counsel), for defendants impleaded.

WOOLSEY, District Judge.

The supplemental complaint is dismissed, without costs, as against all the defendants impleaded thereby, on the ground of lack of jurisdiction.

The motion to strike out counterclaims in the answers of said defendants is consequently denied for the same reason.

I. In this case a Delaware corporation sues a citizen of New York for return of a $25,000 deposit on account made by the plaintiff under a contract with the defendant Moehlenpah for the purchase of certain real property situated in the county of Bronx, New York state.

The court therefore has jurisdiction of the controversy between the plaintiff and the defendant Moehlenpah. Title 28, U. S. Code, § 41 (28 USCA § 41).

By an order made in pursuance of the provisions of sections 211 and 219 of the Civil Practice Act of New York state, this court, on June 27, 1930, provided that the other defendants, to whom I shall refer hereinafter as the third parties impleaded, should be joined in this action on the allegation that the defendant Moehlenpah was entitled to indemnity from them in case the plaintiff should prevail against her.

Provision for the service of a supplemental complaint on the third parties impleaded was also made by such order.

The third parties impleaded against whom this procedure was directed have now appeared and filed their answers to the supplementary complaint, and also have filed counterclaims raising controversies wholly foreign to the issues between the plaintiff and the defendant Moehlenpah.

II. The third parties impleaded are all citizens of New York state, and there is not

any legal relation of any kind between them and the plaintiff. They are here entirely as alleged indemnitors of the defendant Moehlenpah.

There are, therefore, before me two kinds of controversies:

First. A controversy between the original plaintiff, a corporation of Delaware, and the defendant Moehlenpah, a citizen of New York state.

Second. Controversies quite distinct from that just mentioned, between the defendant Moehlenpah, a citizen of New York, and the third parties impleaded, who are also citizens of New York state.

■ III. The present motion attacks the affirmative defenses and counterclaims of the third parties impleaded on various grounds permitted by Civil Practice Rules 109 and 110 of the New York Supreme Court.

It is unnecessary for me to consider the questions thus raised, because this court has not jurisdiction over the third parties impleaded.

IV. The jurisdiction of this court in civil suits of this kind is fixed by the provisions of the United States Code, title 28, § 41 (28 USCA § 41), which lays down the original jurisdiction of the District Court of the United States in cases of a civil nature as follows:

"Section 41. *Original Jurisdiction.* The district courts shall have original jurisdiction as follows:

(1) *United States as Plaintiff; Civil Suits at ,Common Law or in Equity.* First. Of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue, or between citizens of the same State claiming lands under grants from different States; or, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, or (c) is between citizens ,of a State and foreign States, citizens, or subjects."

As above noted, there is not here any controversy between the plaintiff and the third parties impleaded.

The controversies between the defendant Moehlenpah and the third parties impleaded, though they exceed $3,000, are not controversies between citizens of different states, but are controversies between citizens of New York state.

This court, therefore, has not jurisdiction over those controversies.

V. In a court of limited jurisdiction such as this, it is often impossible to go as far as one might wish to go towards preventing multiplicity of suits. And, whilst I do not deal in any way with the merits of the present motion because of the lack of jurisdiction above mentioned, I cannot help expressing a regret that the situation is not as plastic as it would be in a court of general jurisdiction, such as the high court of judicature in England, or the Supreme Court of New York state here. But I face an inescapable limitation on my power to deal with the defendant Moehlenpah's claim over for indemnity.

VI. I believe this to be the first case where the question of third party jurisdiction here involved has come up to be decided in a case at law or in a suit in equity in this court. At least I am not referred to any other such case.

But we have analogies in this court in admiralty cases which I think entirely support the position I have taken, and in which the principles laid down make my decision necessary.

The admiralty courts have not any jurisdiction over nonmaritime contracts. Cf. The Ada, 250 F. 194 (C. C. A. 2).

In the admiralty courts, therefore, when a respondent in a suit in personam or the claimant of a vessel in a suit in rem has sought, under rule 56 of the Supreme Court Admiralty Rules, to bring in a third party claiming to be indemnified on the basis of a nonmaritime contract, it has been settled that the third party proceeding cannot be sustained for want of jurisdiction in admiralty. Aktieselskabet Fido v. Lloyd Brazilerio et al., 283 F. 62, 72–74 (C. C. A. 2); The Goyaz (D. C.) 281 F. 259, 260, 261.

So here the court is without jurisdiction to entertain, in equity, controversies between the defendants here, who are all citizens of New York state.

If there were any controversy herein directly between the plaintiff, a Delaware corporation, and the third parties impleaded, the result might be different. Cf. Luckenbach S. S. Co. v. Central Argentine Ry. Co. (D. C.) 298 F. 344, 345; Lamborn & Co. v. Compania Maritima (D. C.) 19 F.(2d) 155, 156. But on that question I do not express any opinion, as it is not before me in this case.

VII. Accordingly, an order may be presented on two days' notice, providing, in ac-

cordance with the opinion, for the immediate dismissal, without costs, of the defendant Moehlenpah's supplemental complaint as against the third parties impleaded solely on the ground that this court is without jurisdiction to entertain any controversies between her and the said third parties impleaded.

The defendant Moehlenpah's motion will, of course, be denied for the same reason.