## RUDY-PATRICK SEED CO. v. KOKUSAI KISEN KABUSHIKI KAISHA et al.

District Court, S. D. New York.

Oct. 3, 1932.

·Hunt, Hill & Betts, of New York City (George C. Sprague, of New York City, of counsel), in support of motion to overrule exceptions.

Moore & Bell and Emery & Pyne, all of New York City (Edmund F. Lamb and John E. Purdy, both of New York City, of counsel), in support of exceptions.

WOOLSEY, District Judge.

The exceptions to the petition in its present form are sustained, and the petition must be dismissed, but for the reasons hereinafter given there will be leave to amend the petition within twenty days.

Consequently, the motion made in behalf of petitioners to overrule the exceptions to Chicago, Rock Island & Pacific Railway Company is denied, and the motion, made in behalf of the Lehigh Valley Railroad Company to dismiss the petition as against it, is granted, with leave to petitioner to amend its petition within twenty days from the date of the order herein.

A single order dealing with both motions must be entered.

I. The theory of a petition in third party practice in admiralty is that the court is asked to issue a writ of arrest or a monition, as the case may be, on the grounds set forth in the petition, in order to bring another vessel or other parties into a pending admiralty suit for the purpose of avoiding multiplicity of suits.

Historically the issuance of all writs is a judicial and not a merely administrative act. Even at the present time, in many districts, I understand, such third party writs as are here involved are not issued unless specifically allowed by a judge. For a recent case in which leave was denied in this district see Lamborn & Co. v. Compania Maritima Del Nervion (D. C.) 19 F.(2d) 155, 157.

■ It is clearly necessary, therefore, that there must be a rationale set forth in the petition which will justify a court in adding to the litigation parties not attacked by the libelant. Otherwise the libelant might have his suit unnecessarily delayed, and run the chance of being involved in expenses and mulcted in costs not of his risking.

■ In view of the limited jurisdiction of our admiralty courts, it is also obvious that the subject-matter of the issues which may be involved between the several parties, when the personnel of the suit is finally fixed, must be such! as come within the judicial competence of the admiralty courts. Soderberg v. Atlantic Lighterage Corporation, 19 F.(2d) 286, 287 (C. C. A. 2). For an instance of the same principle applied to federal equity courts when diversity of citizenship is the basis of jurisdiction, see Haarlem Terminals, Inc., v. Moehlenpah et al. (D. C.) 43 F.(2d) 205, 206.

■ II. The proper method, therefore, of invoking the third party practice sanctioned by the Fifty-Sixth Rule in Admiralty (28 USCA § 723) is for the petitioner who files an impleading petition to set forth therein such facts as will show either: (1) A cause of action within admiralty jurisdiction between the impleaded party and the libelant, The Boise Penrose (D. C.) 15 F.(2d) 70, 72; Luckenbach S. S. Co. v. Central Argentine Co. (D. C.) 298 F. 344, 345; or (2) a claim for indemnity against the impleaded party and in favor of the petitioner which comes within admiralty jurisdiction. Lamborn & Co. v. Compania Maritima Del Nervion (D. C.) 19 F.(2d) 155, 157; Soderberg v. Atlantic Lighterage Corporation, 19 F.(2d) 286, 287 (C. C. A. 2); Luckenbach S. S. Co. v. Gano Moore Co. (D. C.) 298 F. 343, 344; Simmons Transp. Co. v. Alpha Portland Cement Co. (D. C.) 286 F. 955, 958, 959; Aktieselskabet Fido v. Lloyd Braziliero, 283 F. 62, 72–74 (C. C. A. 2) affirming (D. C.) 267 F. 733, certiorari denied 260 U. S. 737, 43 S. Ct. 97, 67 L. Ed. 489; The Goyaz (D. C.) 281 F. 259, 260, 261.

Here the petitioner has failed to comply with either of these requirements. Hence the petition does not show any reason why the third parties impleaded should have been brought into an admiralty suit.

■ III. The through bill of lading which constituted the contract of carriage herein involved and on which the libel is based provided for two stages of transportation: The first, from Kansas City to the Port of New York; and, the second, from New York to Koenigsberg, East Prussia.

The contract was as divisible between these two stages as words could make it. The land transportation was to be performed by a series of connecting railroads, of which both the initial carrier and the final carrier have been impleaded.

The contract of the railroads was not to deliver in Koenigsberg but to deliver at New York. Properly to complete performance of their part of the transportation, therefore, the railroads had to deliver the goods in like good order as when received, subject, of course, to any valid bill of lading exceptions, to an on-carrying vessel lying at New York and bound for Koenigsberg.

Of the two stages of transportation here involved, the first was land carriage, and hence not within admiralty jurisdiction, and the second was ocean carriage, and hence within admiralty jurisdiction.

■ IV. The gravamen of the petition which sounds in indemnity is that the rail carriers, impleaded by the respondent ocean carrier, represented to the ocean carrier that the bill of lading had been corrected by mutual consent of the shipper and the initial carrier so as to change the port of destination of the ocean carriage to Hamburg, instead of Koenigsberg, and that the ocean carrier received the goods in reliance on that representation.

This does not state a right of indemnity within admiralty jurisdiction, and the exceptions must be sustained without leave to amend, unless there is another basis which may be invoked for the exercise of the salutary third party practice sanctioned by the Fifty-Sixth Rule in Admiralty.

■ V. In my opinion, the libelant could not have maintained a contract suit in admiralty against the rail carriers for a wrongful transshipment to an ocean carrier not bound for Koenigsberg, the agreed port of destination, because such a wrongful transshipment would have been a breach of a nonmaritime contract; i. e., the railroad part of the through bill of lading.

The libelant, however, might have maintained a suit on a maritime tort in wrongfully transshipping the goods of which the railroad company was bailee for the libelant to an ocean carrier not bound for Koenigsberg, provided it could have established that the misdelivery occurred on navigable water. Cf. Sidney Blumenthal & Co. v. United States, 30 F.(2d) 247, 249 (C. C. A. 2).

That is the only cause of suit between the

libelant and the railroads which I can conceive as falling within admiralty cognizance.

VI. The respondent may therefore have leave to amend its petition within twenty days from the date of the order entered herein, and set forth, if it can, a situation in which there will be shown direct liability in admiralty on the part of the respondent railroads, or either of them, as carriers, to the libelant as shipper.

Settle order on notice.