## THE CZECHOSLOVAKIA VICTORY et al.

District Court, S. D. New York.

March 30, 1948.

Hill, Rivkins & Middleton, of New York City, for libellant.

Hunt, Hill & Betts, of New York City, for respondents.

RIFKIND, District Judge.

By notice of motion and affidavit libellant moves for an order striking out that portion of respondents' answer which denies jurisdiction in the admiralty with respect to the second cause of action alleged in the libel.

The normal procedure in the admiralty is to raise such an issue by exception and, in some circumstances, by exceptive allegations. However, no objection has been taken to the borrowed procedure and I shall treat the motion as an exception and the affidavit as an exceptive allegation.

The exception poses this question: Whether the admiralty has jurisdiction of a cause of action by the consignee against the carrier *and the pier operator* for the nondelivery of merchandise discharged from the vessel to the pier.

An affirmative answer was given by Evans v. New York & P. S. S. Co., D.C. S.D.N.Y.1906, 145 F. 841. The ground assigned was that the storage was a mere incident of the marine transportation.

An affirmative answer but a different reason was given by Judge Hough in Evans v. New York & P. S. S. Co., D.C.1906, 163 F. 405. Since the carrier could have impleaded the warehouseman under former Admiralty Rule 59, now 56, 28 U.S.C.A. following section 723, it was proper to bring him in as an original respondent to the libel of the shipper.

This rule of convenience did not last long. In The Ada, 2 Cir., 1918, 250 F. 194, Judge Ward repudiated it; Judge Hough dissented from the repudiation; Judge Rogers withheld his view of the rule because unnecessary to a decision.

Judge Ward adhered to his view in The Goyaz, D.C.S.D.N.Y.1922, 281 F. 259, and Judge Rogers, who had refrained in The Ada from expressing an opinion, repudiated the rule of the Evans case in Aktieselskabet Fido v. Lloyd Braziliero, 2 Cir., 1922, 283 F. 62. See also Luckenbach S. S. Co. v. Gano Moore, D.C.S.D.N.Y.1923, 298 F. 343; Luckenbach S. S. Co. v. Central Argentine Co., D.C.S.D.N.Y.1924, 298 F. 344; and Lamborn & Co. v. Compania Maritima del Nervion, D.C.S.D.N.Y., 1927, 19 F.2d 155.

In the last cited case Judge A. N. Hand invited the Circuit Court of Appeals to return to the doctrine of the earlier cases, but to date I am not aware that it has accepted the invitation.

The motion of libellant is denied.