MacDONALD v. UNITED STATES (CALLY, Respondent-Impleaded).

No. 18093.

United States District Court
E. D. New York.

May 17, 1948.

Jacob W. Abraham, of New York City, for libelant.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y., and Haight, Griffin, Deming & Gardner, of New York City (John J. Foley, of New York City, of counsel), for respondent United States.

Gay & Behrens, of New York City (Mack Kreindler, of New York City, of counsel), for respondent-impleaded, for the motion.

KENNEDY, District Judge.

William Cally, doing business as Victory Machine Company (Victory) excepts to a petition to implead him in this suit. Libelant MacDonald alleges that on April 18, 1946, while employed as a carpenter by Victory he boarded S. S. Adrian Victory, owned and operated by respondent United States of America, and sustained injuries because of the greasy, slippery and unsafe condition of a certain hatch cover. The impleading petition (attacked by this motion) alleges that Victory was under contract with respondent United States of America to convert Adrian Victory from a cargo vessel to a mule carrier, that the machine company had control of certain parts of the vessel, and that under this agreement with the United States of America the machine company was under a duty to avoid the creating of dangerous conditions and to eliminate them, if discoverable, by reasonable care and inspection. It is further alleged in the impleading petition that respondent United States of America is entitled to indemnity from Victory in respect of any recovery had by libelant.

Seemingly, the exceptions to the impleading petition rest on two grounds: (1) that the contract between Victory and the United States of America, which is the basis for the impleading petition, is not one under which an indemnity can be had, and (2) that this contract is not maritime.

But I think that the effect of the contract upon any possibility of liability on

954

the part of impleaded respondent to the United States of America, or upon the duty to discharge any liability, will depend upon the resolution of questions of fact at the trial. Were I to sustain the exceptions, I would be making a premature determination without the materials for decision.

 As for the second ground mentioned, citation of authority is surely unnecessary on the point that a contract to convert a vessel is a maritime contract. The traditional test is, of course, whether the agreement has to do with the business, commerce, or navigation of the sea. There has been some difficulty about some so-called "mixed contracts". The better opinion seems to be that if the maritime feature of the agreement is the dominant feature, then admiralty will take jurisdiction. But I have never seen it suggested that a contract to convert a ship is non-maritime.

The respondent in support of its exceptions cites a number of cases. In every instance, the contract involved was predominantly non-maritime. Thus the following cases involved contracts of sale either of merchandise or of a vessel: The Ada, 2 Cir., 1918, 250 F. 194, The Goyaz, D.C.S.D. N.Y., 1922, 281 F. 259, Aktieselskabet Fido v. Lloyd Braziliero, 2 Cir., 1922, 283 F.2d 62.

Minturn v. Maynard, 1855, 17 How. 477, 58 U.S. 477, 15 L.Ed. .235, was concerned with a brokerage contract, The Esteban De Antunano, C.C.E.D.La., 1887, 31 F. 920, with a stevedore's contract, St. Paul Fire & Marine Ins. Co. v. Birrell, D.C.Oregon, 1908, 164 F. 104, and The D. T. Gilmartin, D.C.E.D.N.Y., 1946, 66 F.Supp. 382, with contracts to procure insurance, The Ciano, D.C.E.D.Pa., 1945, 63 F.Supp. 892, with a contract of carriage by rail, and The Humboldt, D.C.N.D.Wash. 1898, 86 F. 351, with an agent's contract relating to passengers and freight.

 Luckenbach S. S. Co. v. Gano Moore Co., D.C.S.D.N.Y. 1923, 298 F. 343, 344, it is true holds that "the whole contract must be maritime in its character, and, when the performance is partly maritime and partly terrene, a court of admiralty will not assume jurisdiction over it, unless the nonmaritime features be inconsidera-

ble". Treating the contract before him as one of sale, Judge Learned Hand, then sitting in the District Court, sustained exceptions to an impleading petition. But he subsequently reversed himself, Luckenbach S. S. Co. v. Central Argentine Co., D.C. S.D.N.Y. 1924, 298 F. 344, and in the course of the latter opinion he pointed out that a repair contract is a proper subject for admiralty jurisdiction, as is the breach of an obligation to pay demurrage. Soderberg v. Atlantic Lighterage Corporation, 2 Cir., 1927, 19 F.2d 286, merely decides that a cause set forth in the petition to implead must be within the substantive admiralty jurisdiction.

The exceptions are overruled.