### VANCE v. SAN LUIS VALLEY RURAL ELECTRIC COOPERATIVE, Inc.

No. 3887.

United States Court of Appeals
Tenth Circuit.

Oct. 31, 1949.

5. Benjamin v. Hunter, 10 Cir., 169 F.2d 512.

146

H. Myers Bumgardner, Pueblo, Colo. (Burris & Bumgardner, Pueblo, Colo., were with him on the brief) for appellants.

Raphael J. Moses, Alamosa, Colo., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and H U X M A N, Circuit Judges.

PHILLIPS, Chief Judge, delivered the opinion of the court.

San Luis Valley Rural Electric Cooperative, Inc.,[1] brought this action against Vance and the United States Fidelity and Guaranty Company[2] to recover on a bid bond.

Cooperative called for bids for the construction of a rural electric distribution system. The pertinent parts of the notice and instructions to bidders read as follows:

"3. The Bidder understands and agrees that the various Assembly Units on which bids are made in this Proposal are as set out in the 'Description of Assembly Units' attached hereto and made a part hereof, that all said bids are on a unit basis, and that the Owner may specify any number or combination of Assembly Units that the Owner, * * * may deem necessary for the construction of the Project.

"4. The Bidder has made a careful examination of the site of the Project to be constructed and of the Plans, Specifications, Construction Drawings, Description of Assembly Units and forms of Construction Agreement and Contractor's Bond on file with the Secretary of the Owner and with the Engineer, and has become informed as to the location and nature of the proposed construction, the transportation facilities, the kind and character of soil and terrain to be encountered, and the kind of facilities required before and during the construction of the Project, and has become acquainted with the labor conditions which would affect work on the proposed construction."

"8. This Proposal is made pursuant to the provisions of the Notice and Instructions to Bidders attached hereto and the Bidder agrees to the terms and conditions thereof."

"19. Some of the materials for the Project may be furnished by the Owner. The amount to be deducted from the Contract price on account of such materials

---

1. Hereinafter called Cooperative.

2. Hereinafter called Fidelity Company.

will be stated in the form of Proposal before the form is furnished to the Bidder. The quantities stated in the form of proposal before the form is furnished to the Bidder. The quantities of the materials to be furnished by the Owner will be approximate, may be increased or decreased by the Owner to comply with War Production Board or other governmental regulations and the amount to be deducted from the contract price will be adjusted accordingly."

Vance submitted the lowest bid and was awarded the contract. Under the form furnished to bidders, bids were broken down into prices for material and prices for labor for each unit and Vance's bid was so broken down. Cooperative tendered Vance a contract. Vance refused to enter into the contract.

The amount of Vance's bid was $232,600.-81. The amount to be paid the contractor as set forth in the contract was $381,784.66. The increase was due to the inclusion of additional units in the contract.

The bid bond was executed by Vance, as principal, and the Fidelity Company, as surety. The amount of the bond was five per cent of the bid and it was conditioned that should Vance be awarded the contract, he would enter into a formal contract and give a good and sufficient bond to secure the performance of the terms and conditions of such contract.

The complaint alleged that Cooperative is proceeding with the work and that the cost thereof in excess of the contract price in the proffered contract will exceed the penalty of the bid bond.

Vance and the Fidelity Company set up two defenses: (1) the increase in the number of units and the excess of the contract price over the amount of the bid, due to the inclusion of such units, and (2) that Cooperative proposed to furnish a sub-. stantial amount of the materials to be used and thus deprive Vance of a profit on such materials.

Both sides submitted a motion for summary judgment. The court granted summary judgment in favor of Cooperative for $11,634.37. Five per cent of the bid would be $11,630.04. Obviously, there was an error in computation of $4.33.

It will be observed that the notice and instructions to bidders specified that bids were to be on a unit basis and that Cooperative expressly reserved the right to specify any number or combination of assembly units which it should deem necessary for the construction of the project.

Vance did not allege his inability to provide labor and materials and finance the construction of the additional units called for in the contract. The instructions to bidders and the provisions set forth in the form on which the bid was submitted clearly show that the parties contemplated that bids were to be on a unit basis and that Cooperative might specify any number or combination of assembly units it deemed necessary for the construction of the project, and that the contract price should be determined on the basis of the unit bids and the number of units or combination of units embraced in the construction contract to be tendered by Cooperative.

Northeastern Const. Co. v. City of Winston-Salem, 4 Cir., 83 F.2d 57, 104 A.L.R. 1142, is distinguishable. In that case, there was a substantial reduction in the number of units. Obviously, a substantial reduction in the number of units would be to the disadvantage of the contractor, because the cost of creating an organization to carry out the contract, overhead, and other general expenses would not be reduced in proportion to the reduction of the number of units.

We are of the opinion that the increase in the number of units was clearly within the contemplation of the parties and was permissible under the terms of the bid and that the increase in the number of units did not discharge Vance from his obligation under the bid.

The notice and instructions to bidders provided that materials for the project might be furnished by Cooperative and the amount thereof deducted from the contract price. It further stated that the amount to be deducted on account of such materials would be stated in the form of proposal for bids furnished to the bidder, but that such quantities would be approximate and might be increased or decreased and the contract price adjusted accordingly.

Vance attached to his answer the notice and instructions to bidders, the form of the contractor's proposal furnished to Vance, and which he used in submitting his bid, and the contract tendered by Cooperative to Vance. We find nothing therein indicating that Cooperative proposed to furnish any materials.

■ It follows that Vance was not excused from executing the proffered contract because of any intent or purpose on the part of Cooperative to furnish a substantial amount of materials. Cooperative could only do so in accordance with the provisions of paragraph 19 of the notice and instructions to bidders which was embraced in the proffered contract.

The judgment is affirmed.