**FEDERAL INS. CO. v. AMERICAN EXPORT LINES, Inc.**

United States District Court
S. D. New York.
Jan. 10, 1953.

820

Bigham Englar, Jones & Houston, New York City (Donald M. Waesche, Jr., New York City, of counsel), for libelant.

Haight, Deming, Gardner, Poor & Havens, New York City (James M. Estabrook, New York City, of counsel), for respondent.

WEINFELD, District Judge.

Respondent excepts to the libel as time-barred by the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303(6), and the bill of lading covering the shipment, both of which provide for the discharge of the carrier and the ship from all liability "in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered". The delivery date of the goods was September 7th, 1949, at Leghorn, Italy; the libel was filed, and the citation was served upon respondent, on November 1st, 1951.

To overcome the force of respondent's position, the libelant contends that the cause of action did not arise, and does not stem, from the carriage of goods on board respondent's vessel, and in consequence the limitations contained in the Act and the bill of lading are inapplicable.

According to the exceptive allegations, on September 7th, 1949, libelant's goods were discharged to the lighter Orestina, alongside the S.S. Exford, in the same good order and condition as when loaded; then some pipe from a following draft of cargo being discharged fell from a sling and struck the lighter, which commenced shipping water; then through the assistance of tugboats, the lighter was kept afloat and salvaged. The libelant's goods were later delivered from the lighter in the same good physical order and condition as when loaded, but subject to a general average lien. The amount of libelant's general average contribution was not fixed until April 26th, 1951, which was paid. Based upon the foregoing allegations, none of which are set forth in the libel (other than that the cargo was encumbered by a lien for general average contributions) the libelant contends that its action "stems from damage inflicted upon the property of a third party due to the negligence of the respondent" and "not because of the contract of carriage between libellant and respondent."

The libel, however, is pleaded otherwise. It alleges that the respondent "agreed to transport the said merchandise to the port of Leghorn, Italy, and there to deliver the same in the like good order and condition as when shipped, all in accordance with the valid terms of a certain bill of lading delivered to the said shipper by the duly authorized agent of respondent" and that the respondent delivered the merchandise "* * * not, however, in like good order and condition as when shipped, but, on the contrary, with the cargo encumbered by a maritime lien for general average contributions." Thus, it is clear from libelant's own pleading, contrary to the statements contained in its brief, that its claim is definitely related to, and based upon, the contract of carriage and not on any theory of negligence. Accordingly, the suit, not having been brought within the statutory period, the exceptions are sustained and the libel dismissed.

In view of the claim now advanced in libelant's brief, but unsupported by its present pleading, that the suit is one to recover damages arising by reason of the negligence of the respondent, leave is granted to libelant, if so advised, to serve an amended libel. The Sydfold, 2 Cir., 86 F.2d 611.[1]

Settle order on notice.

Hand in L. W. & P. Armstrong, Inc., v. The Mormacmar, 2 Cir., 196 F.2d 752.

---

1. On question of limitations, however, see concurring opinion of Judge Learned