**VAN CAMP SEA FOOD CO., Inc.**

v.

**PACIFIC–ATLANTIC S. S. CO. et al.**

**No. 421 of 1953.**

United States District Court
E. D. Pennsylvania.

June 23, 1954.

Conlen, LaBrum & Beechwood, Philadelphia, Pa., for libellant.

Krusen, Evans & Shaw, Philadelphia, Pa., for respondents Pacific-Atlantic S. S. Co. and Quaker Line.

Rawle & Henderson, Philadelphia, Pa., for respondent Dugan & McNamara.

CLARY, District Judge.

Libellant Van Camp Sea Food Company, Inc. instituted its libel against two steamship companies, joint operators of the S. S. Montana, and against Dugan & McNamara, Inc., a corporation which operates Pier 30 South in the Port of Philadelphia under lease from the City of Philadelphia. The gravamen of the libel is that on or about October 30, 1950, under two bills of lading, the respondent steamship owner and operator accepted from libellant at Long Beach, California, 2,765 cases of canned fish for transportation to Philadelphia. On or about November 22, 1950, the vessel arrived at the Port of Philadelphia and when libellant sought to take delivery of said cargo, there was a shortage of 120 cases with a loss to libellant of approximately $1,400. The respondent steamship companies have filed exceptive allegations calling attention to the fact that the bills of lading attached to the libel show clearly on their face that the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1300 et seq., is expressly incorporated by reference into the bills of lading, that § 3 of said Act provides that the carrier and the ship shall be discharged from all liability unless suit is brought within one year after delivery of the goods or

the date when the goods should have been delivered. This action was filed on October 30, 1953, nearly three years after the occurrence of the events complained of.

The sole liability charged in the libel is the contractual liability of the carriers and perhaps inferentially the pier operator as agent for the carrier for the delivery of the goods. There are no allegations of negligence. I must therefore look to the bills of lading which spell out the liability of the parties. There can be no question of the right of the respondents here to incorporate by direct reference the Carriage of Goods by Sea Act as an integral part of the bills of lading. A. M. Collins & Co., v. Panama R. Co., 5 Cir., 197 F.2d 893, certiorari denied 344 U.S. 875, 73 S.Ct. 168, 97 L.Ed. 677.

Viewed in that light, I find no allegations of fact in the libel which would in any way constitute a waiver of the contractual period of limitations, to wit: one year. The identical question and on exceptive allegations was raised in the case of Federal Ins. Co. v. American Export Lines, D.C., 109 F.Supp. 819. Judge Weinfeld in that case held that the suit not having been brought within the statutory period, the libellant could not maintain its cause of action and ordered that the libel be dismissed. However, because in the brief of the libellant there and at argument of the exceptive allegations it set out another theory of liability, to wit: negligence and at a time when the goods had left the ship's tackle, he permitted an amended libel to be filed. The facts of the amended libel brought the case from without the protection of the Carriage of Goods by Sea Act. In a later opinion, Judge Dimock of the same Court, reported at 113 F. Supp. 540, again on exceptive allegations, refused to dismiss the libel on the ground that the facts pleaded did not show the applicability of the Carriage of Goods by Sea Act. Libellant here, without allegations of negligence in its libel, has contended that the language of Judge Dimock's opinion warrants this Court in refusing to dismiss the libel. Since the allegations here are practically identical with those set out in the first opinion of Judge Weinfeld, I feel that the rule of law laid down in the earlier opinion is applicable and, therefore, must sustain the exceptive allegations and dismiss the libel.

As to Dugan & McNamara, Inc., the only allegation in the libel affecting it is that it maintained a pier on which portions of the said cargo were allegedly placed upon removal from the S. S. Montana. Any alleged loss attributable to it would have occurred on a shore structure and in performance of a non-maritime contract and, consequently, admiralty jurisdiction would not attach. Lamborn & Co. v. Compania Maritima Del Nervion, D.C., 19 F.2d 155; The Czechoslovakia Victory, D.C., 76 F.Supp. 808. For that reason, I feel that its exceptive allegation is well taken and, therefore, must also be sustained.

An appropriate order will be entered.