OLIVER J. OLSON & CO., a corporation, Libelant,

v.

MARINE TERMINALS CORPORATION, a corporation, Islais Terminals, a corporation, Honolulu Terminals Co., Ltd., a corporation, and McCabe, Hamilton & Renny Co., Ltd., a corporation, Respondents.

OLIVER J. OLSON & CO., a corporation, Libelant,

v.

MARINE TERMINALS CORPORATION et al., Respondents (five cases).

Nos. 28584–28589.

United States District Court
N. D. California, S. D.
Nov. 9, 1962.

Samuel Holmes, of Angell, Adams, Gochnauer & Elder, San Francisco, Cal., for libelant.

Bryant K. Zimmerman, of McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for respondents.

WOLLENBERG, District Judge.

Libelant alleges that it is the owner and operator of certain barges and that it contracted with certain parties to transport goods between San Francisco and Honolulu, Hawaii on October 8, 1961. Between October 8 and October 26, 1961, libelant alleges it made oral contracts with warehousemen and stevedoring companies in San Francisco and Honolulu, and with the Port of Stockton for terminal services. When the consignees received the goods they were damaged. Libelant apparently has settled with them for an amount unknown to the court and now sues the stevedores, warehousemen and the Port of Stockton, alleging breach of contract by each.

Respondent Islais Terminals has excepted in actions 28584 and 28587 to the libels on the grounds that they do not state a cause of action against it and that there is no jurisdiction in a court of admiralty to hear the action.

Respondent McCabe, Hamilton & Renny Co., Ltd., has excepted in all six actions on five different grounds:

1. That the libels do not state causes of action;
2. That there is a misjoinder of parties;
3. That there is a failure to join an indispensable party;
4. That the suits have not been brought by the real party in interest; and
5. That the libels are vague and indefinite.

Respondent Honolulu Terminals Co., Ltd., has excepted in all six actions on all five grounds stated above as well as that of jurisdiction over the subject matter.

The two inland warehousemen argue that their contracts were merely contracts of storage and that they were not maritime contracts. While it is true that storage contracts which are not incidental in any way to maritime contracts do not give the court admiralty jurisdiction, Pillsbury Flour Mills, Co. v. Interlake, S. S. Co., 40 F.2d 439 (2nd Cir., 1930), and that the Eastern District of Pennsylvania has held contracts of inland storage never to give an admiralty court jurisdiction even if they may be incidental to maritime contracts, Van Camp Sea Food Co. v. Pacific-Atlantic S.S. Co., 122 F.Supp. 163 (E.D.Penn. 1954) (storage at port of discharge), and Armstrong Cork Co. v. Farrell Line, Inc., 81 F.Supp. 848 (E.D.Penn.1948) (storage at port of loading), it would seem the better approach is taken by Marubeni-Iida (American), Inc. v. Nippon Yusen Kaisha, 207 F.Supp. 418 (S.D. N.Y.1962).

Nippon was a suit by consignees against the carrier. The carrier denied liability for the damaged cargo and interpleaded the terminal. The terminal moved to dismiss the libel against it, but the court held that cargo on a wharf incident to maritime carriage, whether before loading or after unloading can be within admiralty jurisdiction. The court felt the policy of avoiding multiple suits

was applicable to admiralty also, and that, therefore, it did not matter that the carrier did not know where the damage occurred. If at the trial, the proof showed the damage did not occur within the limits of admiralty jurisdiction, the libel may be dismissed. This is the situation at bar.

Respondents attempt to distinguish the Nippon case because the court had jurisdiction of the original suit between the consignees and the carrier and that at bar this is not the case. We do not think this a valid distinction.

In Nippon, the court did not take jurisdiction of the interpleader because it had jurisdiction over the original suit. In fact, it stated interpleader procedure cannot be used to extend admiralty jurisdiction. Nor can the theory of pendent jurisdiction be applied because the respondent was not identical there and as they are not here. New Orleans Public Belt R. Co. v. Wallace, 173 F.2d 145 (5th Cir., 1949); 62 Col.L.Rev., note p. 1018 (1962). The court took jurisdiction because on its merits there appeared to be jurisdiction alone in the interpleader action. Thus the determinative question is whether the issue before us is incidental to the maritime events. It is a question of degree; and there is enough in the pleadings at bar to show all the contracts were incidental to the maritime contract between libelant and consignees or incidental to maritime events. The court has jurisdiction.

Respondents then allege libelant is not the real party in interest and that the suit should be brought by the consignees of the cargo. However, it is elementary law that a bailee may sue in his own name for damage to the goods of a bailor, Whitworth v. Jones, 58 Cal. App. 492, 209 P. 60 (1922); and furthermore, libelant can maintain a suit for indemnity if he has settled the claim for a reasonable amount. Lilleberg v. Pacific Far East Lines, 1959 A.M.C. 454 (N.D.Cal.1958).

Respondents then cite 2 Benedict on Admiralty 93 (6th ed. 1940) for the proposition that the parties are misjoined. But Rule 20(a), F.R.Civ.P., contemplates joinder of parties where plaintiff is in doubt as to which of two or more defendants are liable under circumstances disclosed by the complaint United States v. Carolina Warehouse Co., 4 F. R.D. 291 (W.D.S.C.1945). The Federal Rule pertaining to permissive joinder of parties is a procedural rule adopted to prevent multiplicity of suits and there is no reason why the same policy should not be applicable to admiralty suits as well.

The contentions that the libelant has not joined necessary parties and that the complaints are vague and indefinite are without merit.

Furthermore, the complaints do state a cause of action as they have alleged a duty and breach of duty on the part of the respondents and damages flowing therefrom. Libelant does not have to state which particular respondent caused the damage in his libel. See R. Badenhop Corp. v. N. V. Koninklijke P-M., 1960 A.M.C. 2114 (S.D.N.Y.1960). The libel need do nothing more than enable the respondent to plead and prepare for trial. If the respondents want more details they may ask for them. Respondents reliance on Trust v. Arden Farms Co., 50 Cal.2d 217, 324 P.2d 583 (1958) is misplaced. That was an appeal from a motion for a non-suit in which the substantive issue was one of res ipsa loquitur, and is completely different from our pleading problems at bar.

For the above stated reasons the exceptions of the respondents in their respective actions are denied.