**TROPWOOD, A. G., Plaintiff,**

v.

**TAE CHANG WOOD INDUSTRY CO.,
LTD., Defendant,**

**American National Bank and Trust
Company of Chicago,
Garnishee-Defendant.**

No. 78 C 2302.

United States District Court,
N. D. Illinois, E. D.

Aug. 16, 1978.

Daniel K. Schlorf, Bradley, McGovern, McMurray & Black, Chicago, Ill., David W. Neeb, Davis, Kuelthau, Vergeront, Stover & Liechtfuss, S. C., Milwaukee, Wis., for plaintiff.

Richard A. Makarski, Chapman & Cutler, Chicago, Ill., for defendant.

Memorandum

LEIGHTON, District Judge.

This is a suit in admiralty filed by a Swiss ocean carrier of goods against a South Korean seller of wood products. Jurisdiction is invoked pursuant to 28 U.S.C. § 1333; a

process of attachment has issued under Rules of Admiralty Supplemental Rule B, 28 U.S.C. Respondent has moved to quash the attachment and dismiss this suit for lack of admiralty jurisdiction. Therefore, taking the well-pleaded allegations of the complaint as true, it appears that the following are the facts.[1]

### I.

Tropwood A. G. is a Swiss corporation, an ocean carrier of goods. Tae Chang Wood Industry, Co., Ltd. is a South Korean corporation, a seller of wood products. In April 1978, Tae Chang contracted to sell a large quantity of Kapur Plywood to Pan-American Gyro-Tex, a Nevada corporation with offices in Illinois, it being understood by the parties that the subject of the sale was to be transported by ocean carriage from Pusan, South Korea to the United States. Shortly thereafter, Gyro-Tex issued a purchase order which required the plywood to be shipped aboard the M/V Tropwave, a vessel owned by libellant.[2] On or about May 5, 1978, libellant made its vessel M/V Tropwave available in Pusan. But because respondent had previously arranged for shipment of the plywood by another vessel, libellant was deprived of the carriage and now sues in admiralty to recover $100,000 in damages for loss of freight. As additional relief, libellant seeks to attach the bill of lading held by the American National Bank and Trust Co. of Chicago, issuer of the letter of credit securing payment for the plywood. As a garnishee-defendant, American National has obtained leave of this court to deposit with the clerk a bill of lading for the plywood in question and cer-

tain related documents in its possession. Respondent's motion to quash and dismiss is based on the contention that libellant does not have a claim within the admiralty jurisdiction of this court because the agreement with Gyro-Tex was for the sale of goods, a non-maritime contract. Libellant concedes this fact; but it argues that Gyro-Tex's purchase order provided for carriage of the plywood from Pusan to the United States on one of libellant's vessels; that this provision was a maritime contract severable from the non-maritime agreement; and that a controversy concerning the severable portion is one over which this court has admiralty jurisdiction.

### II.

■ In general, it is said that to invoke admiralty jurisdiction over a contract, the subject matter must be wholly maritime in nature. The contract must directly concern navigation or commerce on navigable waters. *Maloblocki and Associates, Inc. v. Metropolitan Sanitary District of Greater Chicago,* 369 F.2d 483 (7th Cir. 1966); *In re Hydraulic Steam Dredge No. 1,* 80 F. 545 (7th Cir. 1897). A contract for the sale of goods is not a maritime contract, even though a portion of its performance is to take place on navigable waters. *Luckenbach S.S. Co. v. Gano Moore Co.,* 298 F. 343 (S.D.N.Y.1923), *rev'd on other grounds sub nom., Luckenbach S.S. Co. v. Central Argentine Co.,* 298 F. 344 (S.D.N.Y.1924); [3] *see also The Pennsylvania,* 154 F. 9 (2d Cir. 1907); 1 Benedict on Admiralty § 184 (7th ed. 1973).

■ Libellant contends that an essentially maritime portion included in a non-mari-

---

1. In these proceedings, Tropwood and Tae Chang are designated plaintiff and defendant, respectively. However, because it is claimed that this is a suit in admiralty, they will be referred to by name or as libellant and respondent.

2. Respondent has submitted the affidavit of its counsel, Theodore C. Robinson, Esq. which raises an issue of fact concerning libellant's right to sue as a third-party beneficiary under this contract. It is sworn to in the affidavit that neither the initial negotiations nor the letter of credit issued to secure payment of the

plywood contained any mention of the particular vessel that was to be used in the shipment. Respondent contends, therefore, that the true terms of the contract are not alleged in the complaint. However, the court concludes that this issue of fact need not be reached in disposing of the present controversy.

3. A motion for rehearing, Judge L. Hand reconsidered his ruling in conjunction with a similar case. He reversed his earlier decision in *Luckenbach* on the issue of impleading an additional party, but adhered to his remarks on maritime contracts.

time contract may be separately litigated. It argues that as an exception to the general rule, a district court may then exercise admiralty jurisdiction *pro tanto*. This exception, however, applies only to contracts in which the maritime provisions are totally separable from the common law agreement. The maritime issue must be capable of litigation without reference to the balance of the contract. *Berwind White Coal Mining Co. v. City of New York*, 135 F.2d 443 (2d Cir. 1943); *Compagnie Francaise De Navigation A Vapeur v. Bonnasse*, 19 F.2d 777 (2d Cir. 1927).[4]

 It is true that contracts for affreightage are properly maritime in nature. However libellant's claim as an alleged third-party beneficiary does not rest on such a contract, its claim is based on the contract between respondent and Gyro-Tex. In deciding the validity of libellant's claim, the court will have to interpret the contract in the light of libellant's rights. Therefore, it is not possible to put the claim in issue without litigating the terms of the contract. It follows that libellant's claim is not sufficient to invoke the admiralty jurisdiction of this court. Accordingly, respondent's motion is granted and the complaint dismissed.

---

4. In both of these cases, the court allowed admiralty jurisdiction based on the complete separability of the maritime from the common law claims in the respective contracts. In *The Pennsylvania*, 154 F. 9 (2d Cir. 1907); the opposite result was reached. There, contracts were deemed not divisible because the maritime provisions were merely incidental to performance of the contracts.